DONALD M. SCOTTEN (CA SBN 190532)
AKERMAN SENTERFITT LLP
Email: donald.scotten@akerman.com
ROBERT M. SHAW (CA SBN 243300)
Email: robert.shaw@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
BANK OF AMERICA CORPORATION, and
RECONTRUST COMPANY, N.A.



FILED
CLERK, U.S. DISTRICT COURT
DEC 1 5 2009
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MEI LEE, *an individual*, TEENA KANG, *an individual*,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *a Delaware Corporation*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 20,<br><br>Defendants. | Case No. **CV09-9197 GW AJWx**<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT BASED ON DIVERSITY JURISDICTION**<br><br>**[28 U.S.C. § 1332]**<br><br>**[Los Angeles County Superior Court Case No. BC426444]**<br><br>Complaint Filed: November 20, 2009<br>Trial Date:　　None |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Defendants Bank of America Corporation and ReconTrust Company, N.A. (**defendants**), under 28 U.S.C. §§ 1332(a), 1441 and 1446, hereby remove this action from the Superior Court of Los Angeles County, to the United States District Court for the Central District of California, and state as follows:

### I.　STATEMENT OF THE CASE

1.　On November 20, 2009, an action was commenced in the Superior Court of Los Angeles County, styled *Mei Lee, et al. v. Bank of America Corporation, et al.*, Case No. BC426444 (**State Court Action**). A copy of the complaint in the State Court Action is attached as **Exhibit 1**.

---

{LA055367;1}　　　　　　　　　　1　　　　　　DEFENDANTS' NOTICE OF REMOVAL
OF ACTION TO FEDERAL COURT

2.     Plaintiffs Mei Lee and Teena Kang (**plaintiffs**) affirmatively asserted two causes of action: "declaratory relief" and "accounting." (Ex. 1, Compl.)  Plaintiffs' declaratory action alleges violations of sections 1632 and 2923.5 of the California *Civil Code*. (Ex. 1, Compl. ¶¶ 9–16.)

## II.    BASIS FOR DIVERSITY JURISDICTION

3.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because Bank of America Corporation, is not a citizen of California, the parties are completely diverse, and the amount in controversy exceeds $75,000.    Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S.Ct. 606, 610 (2005).  The amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a).

4.     Plaintiffs are citizens of California.

5.     In their complaint, plaintiffs named two defendants: Bank of America Corporation and ReconTrust Company, N.A. (**ReconTrust**).

6.     Bank of America Corporation was named as a defendant in the caption because plaintiffs understood that entity to be Countrywide Home Loans Inc.'s successor in interest. *See* (Ex. 1, Compl. ¶ 6.)  The body of the complaint reveals that plaintiffs actually intended to name BAC Home Loans Servicing, LP, as a defendant, not Bank of America Corporation, which is a separate entity. *Cf. Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983) (holding that a defendant may be identified in the body of a complaint instead of the caption if the allegations make plain which party the plaintiff intended to name as the defendant).

Defendant BAC Home Loans Servicing, LP, is a Texas limited partnership.  Its members consist solely of BANA LP, LLC, and BAC GP, LLC, which are both registered in Nevada.  BANA LP, LLC, and BAC GP, LLC, are wholly owned by Bank of America, N.A.  Bank of America, N.A., is a citizen of North Carolina because that is the location its articles of association establish as its main office. *See* 28 U.S.C. §

1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *see also Hill v. Bank of America Corp.*, No. 06-cv-804GE, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of America, N.A. . . . . is a national banking association located in the State of North Carolina, as designated in its articles of association.").

In any event, Bank of America Corporation is not a citizen of California.  It is a Delaware corporation, with its principal place of business in Charlotte, North Carolina.

7.   Defendant ReconTrust is a citizen of California, the place its articles of association establish as its main office.  *See* 28 U.S.C. § 1348; *Wachovia Bank*, 546 U.S. at 307, 126 S.Ct. at 945.   Its citizenship does not impact diversity, however, because it is a nominal party who plaintiffs fraudulently joined to this action. *See, e.g., Garnder v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (internal quotation marks omitted); *see also Saxe, Bacon & Bolan, P.C. v. Martindal-Hubbell*, 521 F.Supp. 1046, 1048 (S.D.N.Y. 1981) ("A party to an action is a nominal . . . party if no cause of action or claim for relief is or could be stated against him . . . ."); *Workman v. Nat'l Supaflu Sys., Inc.*, 676 F.Supp. 690, 693 (D.S.C. 1987) (equating a nominal defendant with a fraudulently joined one); *Raphael v. 18 Rest., Inc.*, 954 F.Supp. 549, 551 (E.D.N.Y. 1996) (same).   The only reason ReconTrust was added to this action is because it is the trustee charged with conducting the nonjudicial foreclosure sale.  *See* (Ex. 1, Compl. ¶ 2.)  Courts, however, "ignore the citizenship of nominal . . . parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." *Prudential Real Estate Affiliates*, 204 F.3d at 561.   Moreover, none of plaintiffs' causes of action allege any wrongdoing on ReconTrust's part.  (*See* Ex. 1, Compl. ¶¶ 9–19.)   In other words, plaintiffs' joinder of ReconTrust to this action is fraudulent because they have failed to state a cause of action against ReconTrust and such a failure is obvious according to the

1    settled rules of the state. *See, e.g., Garnder*, 508 F.3d at 561. ReconTrust's citizenship

2    should therefore be disregarded for purposes of diversity jurisdiction.

3        8.    The amount in controversy requirement is also met. In their complaint,

4    plaintiffs sought declaratory relief. "In actions seeking declaratory or injunctive relief,

5    it is well established that the amount in controversy is measured by the value of the

6    object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002). The

7    value of the object of this litigation—plaintiffs' home—is well over $75,000.

8    **III.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN**

9          **SATISFIED**

10        9.    Although defendants have yet to receive service of plaintiffs' complaint,

11    plaintiffs filed their complaint on November 20, 2009. Removal of this action is

12    therefore timely under 28 U.S.C. § 1446(b).

13        10.    Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all of the

14    process, pleadings, and orders on file in the State Court Action, or sent by facsimile to

15    defendants in the State Court Action, are attached hereto as **Exhibit 1**.

16

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

## IV.  CONCLUSION

By this notice of removal and the associated attachments, defendants do not waive any objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action.  Defendants intend no admission of fact, law, or liability by this notice, and expressly reserve all defenses, motions, and/or pleas.  Defendants pray that the State Court Action be removed to this court, that all further proceedings in the state court be stayed, and that they receive all additional relief to which they are entitled.

Dated: December 15, 2009

AKERMAN SENTERFITT LLP

By: _____

Robert M. Shaw
Attorneys for Defendants
BANK OF AMERICA CORPORATION,
and RECONTRUST COMPANY, N.A.

# EXHIBIT 1

SU~~MM~~ONS
(CITACION JUDICIAL)

SUM-100

NOTICE TO DEFENDANT: BANK OF AMERICA CORPORATION, a
(AVISO AL DEMANDADO): Delaware Corporation; RECONTRUST
COMPANY, N.A., business entity unknown; and DOES 1
through 20,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 2 0 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

YOU ARE BEING SUED BY PLAINTIFF: Mei Lee and Teena Kang
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
(El nombre y dirección de la corte es):

SUPERIOR COURT OF CALIFORNIA- COUNTY OF LOS ANGELES
111 NORTH HILL STREET
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
(Número del Caso):

BC 426444

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Ilhwan Park, Esq. SBN#250220                    213-383-8280
Law Offices of Gene W Choe
3699 Wilshire Blvd. Ste 720
Los Angeles, CA 90010

DATE:                                          JOHN A. CLARKE, CLERK
(Fecha)  NOV 2 0 2009                                          M. GARCIA          , Deputy
                                                                                  (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT 1 - 6**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Ilhwan Park Esq. SBN#250220<br>Law Offices of Gene W Choe<br>3699 Wilshire Blvd. Ste 720<br>Los Angeles, CA 90010 | |

TELEPHONE NO.:                        FAX NO.:
ATTORNEY FOR (Name): Mei Lee and Teena Kang

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 NORTH HILL STREET
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District- Stanley Mosk Courthouse

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 2 0 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

CASE NAME: Mei Lee and Teena Kang v. Bank of America
Corporation, et. al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 4 2 6 4 4 4 |
| | | JUDGE:  DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [X] Other real property (26) | [ ] Enforcement of Judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint (not specified above) (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition (not specified above) (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive

4. Number of causes of action (specify): Two

5. This case [ ] is [X] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 19, 2009

Ilhwan Park Esq. SBN#250220
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**    Legal Solutions Ca Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

**EXHIBIT 1 - 7**

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET                                    CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
    Case Matter
  Writ—Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]                 **CIVIL CASE COVER SHEET**                 Page 2 of 2

**EXHIBIT 1 - 8**

| SHORT TITLE: Mei Lee and Tenn.. ..ang vs. Bank of America Corporation, et. al. | CASE ... ..ER: BC420444 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL 5 [ ] HOURS/ [X] DAYS

Item II.   Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:**  After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:**  Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:**  In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (See Column C below)**

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:**  Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

| LACIV 109 (Rev. 01/07)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | LASC, rule 2.0<br>Page 1 of 4<br>LA-481 |
|---|---|---|

**EXHIBIT 1 - 9**

SHORT TITLE: Mei Lee and Tenna Kang vs. Bank of America Corporation, et. al.

CASE NUMBER

| A<br>Civil Case Cover<br>Sheet Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons<br>- See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** Professional Negligence (25) | ☐ | A6017  Legal Malpractice | 1., 2., 3. |
| | ☐ | A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ | A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** Wrongful Termination (36) | ☐ | A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ | A6024  Other Employment Complaint Case | 1., 2., 3. |
| | ☐ | A6109  Labor Commissioner Appeals | 10. |
| **Contract** Breach of Contract/ Warranty (06) (not insurance) | ☐ | A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | ☐ | A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | ☐ | A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | ☐ | A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ | A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | ☐ | A6012  Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ | A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ | A6009  Contractual Fraud | 1., 2., 3., 5. |
| | ☐ | A6031  Tortious Interference | 1., 2., 3., 5. |
| | ☐ | A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** Eminent Domain/Inverse Condemnation (14) | ☐ | A7300  Eminent Domain/Condemnation   Number of parcels _____ | 2. |
| Wrongful Eviction (33) | ☐ | A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☒ | A6018  Mortgage Foreclosure | 2., 6. |
| | ☐ | A6032  Quiet Title | 2., 6. |
| | ☐ | A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** Unlawful Detainer - Commercial (31) | ☐ | A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Residential (32) | ☐ | A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer - Drugs (38) | ☐ | A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** Asset Forfeiture (05) | ☐ | A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ | A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

EXHIBIT 1 - 10

SHORT TITLE: Mei Lee and Te...a Kang vs. Bank of America Corporation, et. al. | CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|---|
| Judicial Review (Cont'd.) | Writ of Mandate<br><br>(02) | ☐ | A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ | A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ | A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ | A6150  Other Writ / Judicial Review | 2., 8. |
| Provisionally Complex Litigation | Antitrust/Trade<br>Regulation (03) | ☐ | A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ | A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ | A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ | A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ | A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ | A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement of Judgment | Enforcement<br>of Judgment<br><br>(20) | ☐ | A6141  Sister State Judgment | 2., 9. |
| | | ☐ | A6160  Abstract of Judgment | 2., 6. |
| | | ☐ | A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ | A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ | A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ | A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| Miscellaneous Civil Complaints | RICO (27) | ☐ | A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ | A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ | A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ | A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ | A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| Miscellaneous Civil Petitions | Partnership Corporation<br>Governance (21) | ☐ | A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ | A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ | A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ | A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ | A6190  Election Contest | 2. |
| | | ☐ | A6110  Petition for Change of Name | 2., 7. |
| | | ☐ | A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ | A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

**EXHIBIT 1 - 11**

| SHORT TITLE: Mei Lee and Ter... Kang vs. Bank of America Corporation, et. al. | CASE NUMBER |
|---|---|

Item III. **Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE | ADDRESS: |
|---|---|
| ☐1. ☒2. ☐3. ☐4. ☐5. ☒6. ☐7. ☐8. ☐9. ☐10. | 840 East 25th Street |

| CITY: Los Angeles | STATE: CA | ZIP CODE: 90011 | |
|---|---|---|---|

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Superior Court of California</u> courthouse in the <u>Central</u> District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: <u>November 19, 2009</u>

(SIGNATURE OF ATTORNEY/FILING PARTY)
Ilhwan Park, Esq.

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet form CM-010.
4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev 01/07), LASC Approved 03-04.
5. Payment in full of the filing fee, unless fees have been waived.
6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**EXHIBIT 1 - 12**

1  Gene W. Choe, Esq.  (SBN 187704)
2  Ilhwan Park, Esq. (SBN 250220)
   LAW OFFICES OF GENE W. CHOE, P.C.
3  3699 Wilshire Boulevard, Suite 720
   Los Angeles, CA 90010
4  Telephone (213) 639-3888
   Facsimile (213) 383-8280
5
6  Attorney for Plaintiffs, MEI LEE and TEENA KANG

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            COUNTY OF LOS ANGELES- CENTRAL DISTRICT

10

11 MEI LEE, *an individual*, TEENA KANG, *an
   individual*                          CASE NO:    BC 4 2 6 4 4 4
12
13              Plaintiff,             COMPLAINT
14 vs.
                                       1) DECLARATORY RELIEF
15                                     2) ACCOUNTING
16 BANK OF AMERICA CORPORATION, *a
   Delaware Corporation*; RECONTRUST
17 COMPANY, N.A., *business entity unknown*;
   and DOES 1 through 20,
18
19              Defendants.

20

21     NOW COMES the Plaintiffs, MEI LEE and TEENA KANG ("Plaintiffs"), for causes of

22 action against Defendants, BANK OF AMERICA CORPORATION, *a Delaware Corporation*;

23 RECONTRUST COMPANY, N.A., *business entity unknown*;    and DOES 1 through 20

24 (collectively "Defendants"), and each of them, alleges as follows:

25                          FIRST CAUSE OF ACTION

26           (Declaratory Relief by Plaintiffs against All Defendants)

27     1.  Plaintiff is and at all times relevant to this complaint was the owner of real property

28 known as 840 East 25th Street, Los Angeles, California, 90011 (hereinafter "subject property").

                                       1

                               COMPLAINT

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

NOV 2 0 2009

John A. Clarke, Executive Officer/Clerk

BY MARY GARCIA, Deputy

EXHIBIT 1 - 13

1   The legal description for the subject property is as follows: LOT 10 TRACT NO. 101, IN THE

2   CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS

3   PER MAP RECORDED IN BOOK 59, PAGE 63, IN THE OFFICE OF THE COUNTY

4   RECORDER OF SAID COUNTY.  The assessor's parcel number is 5131-025-011.

5       2.  Defendant, RECONTRUST COMPANY, N.A., is a provider of non-judicial

6   foreclosure proceedings.  This Defendant is the current trustee of the deed of trust described in

7   paragraph 6.

8       3.  Defendant, BANK OF AMERICA CORPORATION, (hereinafter "BANK OF

9   AMERICA"), is now, and at all times relevant to this complaint was, a beneficiary of the deed

10   of trust described in paragraph 4.

11       4.  On April 4, 2005, Plaintiff recorded a deed of trust from his purchase of the subject

12   property, and in connection with said purchase, procured an adjustable rate loan from

13   Countrywide Home Loans, in the sum of $308,800 and thereby, as trustor, executed said deed of

14   trust (hereinafter referred to as the "deed of trust") naming, Defendant, BANK OF AMERICA,

15   as the beneficiary of said trust.

16       5.  Plaintiff does not know the true names, capacities, or basis for liability of Defendants

17   sued as DOE 1 through DOE 20.  Each fictitiously named Defendant is in some manner liable to

18   Plaintiffs, or claims some right title or interest in the subject property, or both.

19       6.  Countrywide Home Loans has since been acquired by Defendant, BANK OF

20   AMERICA, and as such claims to be the owner, by virtue of a trustee's deed from Recontrust

21   Company to the Subject Property.

22       7.    On July 16, 2009, Defendants caused to be recorded a Notice of Default and

23   Election to Sell under Trustee Sale number 09-0101610 of Records.  (A copy of the Notice of

24   Default and Election to Sell are attached hereto and made a part hereof as "Exhibit A")

25       8.  On October 30, 2009 Defendants caused to be recorded a Notice of Trustee's Sale.

26   (A copy of the Notice of Trustee Sale and accompanying declaration are incorporated herein by

27   reference and attached as Exhibit B).  The Trustee's Sale is currently scheduled for November

28   30, 2009.

<center>2</center>

<center>COMPLAINT</center>

EXHIBIT 1 – 14

1     9.  Defendants improperly recorded the Notice of Default in violation of the publishing

2  and posting requirements of California Civil Code, §2923.5 (a)(1)(2), by failing to notify

3  Plaintiff in person or by telephone in order to assess Plaintiff's financial position and explore

4  options that would avoid foreclosure.  In addition, Defendants did not advise Plaintiff that there

5  was a right to request a subsequent meeting to occur within fourteen days to discuss the alleged

6  default.  Furthermore, Defendants did not provide Plaintiff with a telephone number to the

7  United States Department of Housing and Urban Development to find a HUD-certified housing

8  counseling agency as required by California Civil Code, §2923.5.  In light of the foregoing, an

9  actual controversy exists between the Plaintiff and Defendants concerning their respective rights

10  and duties pertaining to the Subject Property that could determine whether the aforementioned

11  trustee's sale was lawful.

12     10. Defendants improperly recorded the Notice of Default in violation of the "due

13  diligence" requirements of California Civil Code, §2923.5(b) and (g)(1)(2)(A)(B)(C) (3)(4)(5),

14  by failing to conduct the following mandatory "due diligence" efforts in dealing with Plaintiff

15  prior to recording the Notice of Default: (1) sending a first class letter that included a toll-free

16  number for HUD to find a HUD-certified housing counseling agency; (2) contacting Plaintiff by

17  telephone at least three times, in three hour intervals and on different days; (3) contacting

18  Plaintiff with an automated system to connect Plaintiff to a live representative; (4) sending a

19  certified letter to Plaintiff with return receipt requested if Plaintiff failed to respond within two

20  weeks; (5) providing a means for Plaintiff to contact Defendants in a timely manner; (6) posting

21  a prominent link on the homepage of Defendants' Internet Web site.  An actual controversy

22  exists between the Plaintiffs and Defendants concerning their respective rights and duties

23  pertaining to the Subject Property and the described transactions.

24     11. Defendants improperly recorded the Notice of Default in violation of California

25  Civil Code, §2923.5(b) by failing to include a declaration that Defendants tried, with due

26  diligence to contact the borrower.  Defendants' declaration is not a declaration in that it does not

27  comply with California Code of Civil Procedure, §2015.5 in that the declaration is not made

28  under the penalty of perjury.

COMPLAINT

EXHIBIT 1 - 15

1    12. Defendants violated California Civil Code, §1632 by failing to provide Plaintiffs
2  with a translated version of the TILA and RESPA disclosures in Plaintiffs' language that was
3  used during the negotiations of the aforesaid loan.
4    13. As a proximate result of Defendants' actions, Plaintiffs are now facing an imminent
5  sale of the home.
6    14. Plaintiffs desire a judicial determination and declaration of the parties' respective
7  rights and duties; specifically, that Defendants failed to comply with the statutory requirements
8  relating to the recording of the Notice of Default on July 16, 2009. Judicial declaration is
9  appropriate at this time so that the court may determine the rights and duties of the parties
10  before the subject property is sold at the aforesaid trustee's sale.
11    15. Defendants intend to sell, and unless lawfully restrained, will indeed sell or cause to
12  be sold the subject property that would result in irreparable injury to Plaintiffs, via losing the
13  family home with no right to redeem.
14    16. The scheduled sale is wrongful and should be enjoined by virtue of the facts alleged
15  above. Plaintiffs have no other plain, speedy, or adequate remedy, and the injunctive relief
16  prayed for below is necessary and appropriate at this time to prevent irreparable loss to
17  Plaintiffs' interests until such time as the court makes a determination as to the rights and duties
18  between the parties.

19
20  <div align="center">

**SECOND CAUSE OF ACTION**

**(Accounting by Plaintiffs against All Defendants)**
</div>

21    17.    Plaintiffs re-allege and incorporate by reference the allegations contained in
22  paragraphs 1 through 16 as though fully alleged and set forth herein.
23    18.    Defendants have collected monies from Plaintiffs since the consummation of the
24  loan. Since the violations of the loan, including failure to provide a copy in Korean, allow the
25  remedy of rescission, all monies collected are in trust; therefore, a fiduciary relationship exists
26  between Defendants and Plaintiffs.
27  ///
28  ///

4

COMPLAINT

**EXHIBIT 1 - 16**

1    19.    Should the remedy of rescission be executed, the amount of money Defendants

2    owe to Plaintiffs is unknown to Plaintiffs and cannot be determined without an accounting.

3

4    **WHEREFORE**, Plaintiffs demands judgment as follows:

5    <u>AS TO ALL CAUSES OF ACTION</u>

6    1.    That the Court issue a declaration of the rights and duties of the parties;

7    specifically, that Defendants have no right to conduct the sale, because the Defendants have not

8    followed the required sale procedures required under California <u>Civil Code</u>, §2923.5.

9    2.    That the Court issue a declaration of the rights and duties of the parties;

10    specifically, that Defendants have no right to conduct the sale, because the Defendants have not

11    followed the required sale procedures in providing a declaration as required pursuant to

12    California <u>Code of Civil Procedure</u>, §2015.5.

13    3.    That the Court issue a declaration of the rights and duties of the parties;

14    specifically, that Defendants have no right to conduct the sale, because the Defendants have not

15    complied with the requirements of California <u>Civil Code</u>, §1632, in providing a Korean

16    translated copy of the TILA and RESPA disclosures.

17    4.    That the Court issue a temporary restraining order, a preliminary injunction, and

18    a permanent injunction restraining the Defendants and their agents, attorneys, successors, and

19    representatives and all persons acting in concert or participating with them, from selling

20    attempting to sell, or causing to be sold the Subject Property either under the power of sale in

21    the deed of trust or by foreclosure action.

22    5.    That the Court orders the Defendants to give a complete accounting between

23    Plaintiffs and Defendants determining the amount.

24    ///

25    ///

26    ///

27    ///

28    ///

5

COMPLAINT

**EXHIBIT 1 - 17**

6.    That Plaintiffs recover reasonable attorney fees and costs incurred in this action, and that the Court award all other appropriate relief.

Dated: November 19, 2009

LAW OFFICES OF GENE W. CHOE, PC

By:_____
                Ilhwan Park, Esq.
                Attorney for Plaintiffs,
                MEI LEE, TEENA KANG

6

COMPLAINT

**EXHIBIT 1 - 18**

**EXHIBIT A**

**EXHIBIT 1 - 19**




This page is part of your document - DO NOT DISCARD

## 20091075530




Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

07/16/09 AT 08:00AM

| | | |
|---|---|---|
| FEES: | | 18.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 18.00 |





LEADSHEET



200907160130009

00000877051



002210301

SEQ:
26

DAR - Title Company (Hard Copy)




THIS FORM IS NOT TO BE DUPLICATED    646

EXHIBIT 1 - 20

LANDSAFE TITLE

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Attn: Wellington (Xavier) Payano
TS No. 09-0101610
Title Order No. 09-8-287542

07/16/2009

*20091075530*



_____
                    SPACE ABOVE THIS LINE FOR RECORDER'S USE

NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is $22,697.54, as of 07/15/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

[Page 1 of 2 ]                                        Form nod (09/01)

**EXHIBIT 1 - 21**

TS No. 09-0101610

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY  SV-35
SIMI VALLEY,  CA  93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.  Remember,

## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 04/04/2005, executed by MEI Y LEE, A SINGLE WOMAN as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 04/21/2005, as Instrument No. 05 0929298 (or Book ____, Page ____) of Official Records in the Office of the County Recorder of Los Angeles County, California.

Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 308,800.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :  FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON  11/01/2008  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY, INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES.  IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON  05/01/2035  AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured  thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable  and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

If required by the provisions of  Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.

Dated: July 15, 2009
RECONTRUST COMPANY, N.A., as agent for the Beneficiary
By LandSafe Title Corporation, as its Attorney in Fact
By _____

DEBBIE MAGA

[Page 2 of 2]

*Form nod (09/01)*

EXHIBIT 1 - 22

**Bank of America** ➤➤➤
Home Loans

4

Notice Date: July 3, 2009

Account No.: TS #09-0101610

Property Address:
840 East 25th Street
Los Angeles, CA 90011

Mel Y Lee
840 E 25th St Unit 1
Los Angeles, CA 90011

## CALIFORNIA DECLARATION

I, Corrine [signature] of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

☐ BAC Home Loans Servicing, LP has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure,

☒ BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5, or

☐ BAC Home Loans Servicing, LP verified that the borrower has surrendered the property.

☐ BAC Home Loans Servicing, LP has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

☐ BAC Home Loans Servicing, LP has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case.

☐ The provisions of California Civil Code §2923.5 do not apply because

7/9/09   FT Worth-TX
Date and Place

[signature]                    Collector II
Name of Signor                 Title and/or Position

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

CALDECLH 8652/9524 9/29/2008

**EXHIBIT 1 - 23**

**EXHIBIT B**

EXHIBIT 1 - 24

 

This page is part of your document - **DO NOT DISCARD**



# 20091639292



Pages:
0003

**Recorded/Filed In Official Records
Recorder's Office, Los Angeles County,
California**

**10/30/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |

 



LEADSHEET



200910300160002

00001427390



002380622

SEQ:
06

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED          t46



EXHIBIT 1 - 25

LANDSAFE TITLE

RECORDING REQUESTED BY:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
TS No. 09-0101610
Title Order No. 09-8-287542



10/30/2009

*20091639292*

APN No. 5131-025-011

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 04/04/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by MEI Y LEE, A SINGLE WOMAN, dated 04/04/2005 and recorded 04/21/2005, as Instrument No. 05 0929298, in Book _____, Page _____ of Official Records in the office of the County Recorder of LOS ANGELES County, State of California, will sell on 11/17/2009 at 10:30 AM, At the West side of the Los Angeles County Courthouse, directly facing Norwalk Blvd., 12720 Norwalk Blvd., Norwalk, CA 90650

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 840 840 1/2 EAST 25TH STREET, LOS ANGELES, CA 90011-1625. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $342,989.77. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Phone/Sale Information: (800) 281-8219

By: _____
Manjit Ghataura, Team Member

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

Form nos (07/01)

**EXHIBIT 1 - 26**

09-010/610

Mei Y Lee
840 E 25th St Unit 1
Los Angeles, CA  90011

**Property Address:**
840 East 25th Street
Los Angeles, CA 90011

## CALIFORNIA DECLARATION

I, <u>JOHN CURTIS</u>, of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

BAC Home Loans Servicing, LP, has obtained from the Commissioner of Corporations a final order of exemption pursuant to California Civil Code Section 2923.53 that is current and valid on the date the accompanying Notice of Sale is filed.

**AND**

The timeframe for giving Notice of Sale specified in subdivision (a) of Civil Code Section 2923.52 <u>does not</u> apply pursuant to Section 2923.52 (b).

10/16/2009   SIMI VALLEY, CA
Date and Place

<u>JOHN CURTIS</u>
Name of Signor

Signature

<u>TEAM MANAGER</u>
Title and/or Position

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

CA Dec AB No 7  11214  07/29/2009

**EXHIBIT 1 - 27**

Gene W. Choe, Esq. (SBN 187704)
Ilhwan Park, Esq. (SBN 250220)
LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, California 90010
Telephone 213-639-3888
Facsimile  213-383-8280

Attorneys for Plaintiffs, MEI LEE and TEENA KANG

<div style="writing-mode:vertical">LAW OFFICES OF GENE W. CHOE, APC<br>3699 WILSHIRE BOULEVARD SUITE 720<br>LOS ANGELES, CALIFORNIA 90010</div>

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES- CENTRAL DISTRICT

| | |
|---|---|
| MEI LEE and TEENA KANG<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA CORPORATION, *a Delaware Corporation*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 20.<br><br>Defendants. | CASE NO: BC426444<br><br>Assigned for all purposes to:<br><br>Dept. 74<br>Hon.  Teresa Sanchez-Gordon<br><br>PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE AND ISSUE A TEMPORARY RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MEI LEE; DECLARATION OF TEENA KANG; DECLARATION OF CINDY MAGANA<br><br>**Date:  November 25, 2009**<br>**Time:  8:30 a.m.**<br>**Dept.:  85**<br>**Judge: James C. Chalfant** |

PLEASE TAKE NOTICE THAT on November 25, 2009 at 8:30 a.m. in Department 85 of the

Los Angeles County Superior Court- Stanley Mosk Courthouse, located at **111 North Hill**

**Street, Los Angeles, CA 90012,** Plaintiffs, MEI LEE and TEENA KANG, ("Plaintiffs") will

apply for a temporary restraining order and for an order requiring Defendants, BANK OF

AMERICA CORPORATION; RECONTRUST COMPANY; and Does 1 through 20

1

*EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUE A TEMPORARY RESTRAINING ORDER

EXHIBIT 1 - 28

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1  ("Defendants"), to show cause why a preliminary injunction should not be issued pending

2  trial in this action, enjoining Defendants and their employees, agents, and persons acting with

3  them or on their behalf, from selling, attempting to auctioning, sell, causing to be sold,

4  transferring ownership or further encumbering the real property located at **840 East 25th**

5  **Street, Los Angeles, CA 90011** ("Subject Property").

6      Plaintiff respectfully requests that the Court enjoin Defendants from auctioning,

7  selling, causing to be sold, transferring ownership or further encumbering the Subject

8  Property at the Trustee Sale set for **November 30, 2009.** This application is made pursuant

9  to the Code of Civil Procedure §527, on the grounds that Plaintiff, the owner of the Subject

10  Property, will suffer irreparable harm if Defendants are not enjoined from auctioning,

11  selling, causing to be sold, transferring ownership or further encumbering the Subject

12  Property. This application is based upon the memorandum of points and authorities,

13  declarations of MEI LEE and CINDY MAGANA, and the Complaint previously filed in

14  this matter.

15

16

17  Dated: November 24, 2009        LAW OFFICES OF GENE W. CHOE, P.C

18

20          By: _____

21            Ilhwan Park, Esq.

22            Attorney for Plaintiffs,
          MEI LEE and TEENA KANG

23

24

25

26

27

28

*EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUE A TEMPORARY RESTRAINING ORDER

**EXHIBIT 1 - 29**

# MEMORANDUM OF POINTS AND AUTHORITIES
## I.
## INTRODUCTION

The Notice of Default was recorded on July 16, 2009 (a true and correct copy is attached hereto and incorporated herein by reference as "Exhibit A"). The Notice of Trustee Sale was recorded on October 30, 2009 (a true and correct copy is attached hereto and incorporated herein by reference as "Exhibit B") and the Trustee Sale is scheduled for November 30, 2009. The Trustee Sale scheduled for **November 30, 2009** must be enjoined because Defendants failed to meet the requirements set forth in California Civil Code §2923.5 prior to recording the Notice of Default on July 16, 2009. Specifically, Defendants failed to conduct the requisite due diligence in contacting Plaintiffs to assess their financial situation and explore options to avoid foreclosure; failed to file a proper declaration pursuant California Code of Civil Procedure §2015.5 and failed to deliver a translation of the agreements in the Korean language prior to the execution of the loan documents by Plaintiff pursuant to California Civil Code §1632.

Defendants' failure to abide by California Civil Code §2923.5 renders the Notice of Default and Notice of Trustee Sale invalid. A Trustee Sale cannot take place without a valid Notice of Default and Notice of Trustee Sale. As such, equity implores that Defendants are enjoined from auctioning, selling, causing to be sold, transferring ownership or further encumbering the Subject Property to save Plaintiff from suffering irreparable harm.

## II.
## FACTUAL BACKGROUND

Plaintiff, MEI LEE, obtained a loan from Defendant, BANK OF AMERICA, in the amount of approximately $308,800.00 to purchase real property located at 840 East 25th Street, Los Angeles, CA 90011.

On or about July 2005, Plaintiff, Mei Lee, began suffering financial hardship as a result of her separation from her husband. In seeking to rectify her situation she quitclaimed

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

3

EXHIBIT 1 - 30

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1    her interest in the Subject Property to both herself and Plaintiff, Teena Kang. (a true and

2    correct copy is attached hereto and incorporated by reference as "Exhibit E"). During this

3    time, Teena Kang's mother, Joy Kang, moved onto the property with Mei Lee. At this point,

4    Joy Kang's business began to take a drastic downturn and she began to suffer extreme

5    financial hardship. Due to this, Mei Lee sought out the help of Teena Kang and proceeded to

6    quitclaim all of her interest in the property solely to Teena Kang (a true and correct copy is

7    attached hereto and incorporated by reference as "Exhibit F"). However, the financial

8    situation worsened and Teena Kang moved onto the property to try and help out financially.

9         As a result, the last payment Plaintiffs were able to afford was in January 2009.

10    Following this, Plaintiffs received several "Past Due" statements from the bank. However,

11    none of these communications were directed towards the bank, or the bank's representatives,

12    attempting to evaluate Plaintiffs financial situation or working with Plaintiffs to find an

13    alternative to foreclosure.  On their own initiative, Plaintiffs contacted Defendants in an

14    attempt to work out an alternative.  The bank agreed to lower their monthly payments by only

15    a very small fraction which did not help their situation at all. Concerned with the impending

16    loss of the property, Plaintiffs retained an attorney to assist them in this process.

17         During this period of time, Defendant has already recorded a Notice of Default and a

18    trustee's sale date has been scheduled for November 30, 2009.

### III.

20    

21    **AN INJUNCTION SHOULD ISSUE BECAUSE THE PLAINTIFF IS LIKELY**
22    **TO SUCCEED ON THE MERITS OF HER COMPLAINT AND THE**
     **BALANCE OF HARM TIPS IN HER FAVOR**
23    

24         In the Federal case of Demarest v. Quick Loan Funding, Inc., "The court may issue

     an injunction if the moving party establishes either (1) a combination of probable success on
25    
     the merits **and** the possibility of irreparable harm **or** (2) the existence of serious questions
26    
     going to the merits, a demonstration that there is at least a fair chance the movant will
27    
     prevail, and a balance of hardships that tips sharply in the movant's favor.  (Emphasis
28    
     added) Demarest (April 2009) West Law 940377 (C.D.Cal.) ; No. CV 09-01687 MMM

<div align="center">4</div>

**EXHIBIT 1 – 31**

1  (SSx) (quoting Miller for and on Behalf of N.L.R.B. v. California Pacific Medical, (1994)

2  19 F.3d 449, 456.)  "[T]the greater the relative hardship to the moving party, the less

3  probability of success must be shown."  Demarest v. Quick Loan Funding, Inc., (April

4  2009) West Law 940377 (C.D.Cal.) ; No. CV 09-01687 MMM (SSx) (quoting National Ctr.

5  For Immigrants Rights v. INS, (1984) 743 F.2d 1365, 1369.)

6      In the present case, Plaintiff is entitled to a preliminary injunction because he can

7  demonstrate a likelihood of prevailing on the merits of the Complaint and Plaintiff would

8  suffer irreparable harm if the injunction is not granted.

9  **A.    PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF HER**
   **COMPLAINT BECAUSE DEFENDANTS FAILED TO ABIDE BY**
10 **THE REQUIREMENTS OF CALIFORNIA CIVIL CODE §2923.5**

11      §2923.5.  (a) (1) A mortgagee, trustee, beneficiary, or authorized agent **may not file**
12 **a notice of default pursuant to Section 2924 until 30 days after contact is made as**
   **required by paragraph (2) or 30 days after satisfying the due diligence**
13 **requirements as described in subdivision (g).** (*Emphasis added.*)

14
15 **(2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in**
   **person or by telephone in order to assess the borrower's financial situation and**
16 **explore options for the borrower to avoid foreclosure. During the initial**
   **contact, the mortgagee, beneficiary, or authorized agent shall advise the**
17 **borrower that he or she has the right to request a subsequent meeting and, if**
   **requested, the mortgagee, beneficiary, or authorized agent shall schedule the**
18 **meeting to occur within 14 days. The assessment of the borrower's financial**
   **situation and discussion of options may occur during the first contact, or at the**
20 **subsequent meeting scheduled for that purpose. In either case, the borrower**
21 **shall be provided the toll-free telephone number made available by the United**
   **States Department of Housing and Urban Development (HUD) to find a HUD-**
22 **certified housing counseling agency. Any meeting may occur telephonically.**
   (*Emphasis added.*)
23

24
25 **(b) A notice of default filed pursuant to Section 2924 shall include a declaration**
   **from the mortgagee, beneficiary, or authorized agent that it has contacted the**
26 **borrower, tried with due diligence to contact the borrower as required by this**
   **section, or the borrower has surrendered the property to the mortgagee, trustee,**
27 **beneficiary, or authorized agent.**

28 **(d) A mortgagee's, beneficiary's, or authorized agent's loss mitigation personnel may**
   **participate by telephone during any contact required by this section.**

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

EXHIBIT 1 – 32

(e) For purposes of this section, a "borrower" shall include a mortgagor or trustor.

(f) A borrower may designate a HUD-certified housing counseling agency, attorney, or other advisor to discuss with the mortgagee, beneficiary, or authorized agent, on the borrower's behalf, options for the borrower to avoid foreclosure. That contact made at the direction of the borrower shall satisfy the contact requirements of paragraph (2) of subdivision (a). Any loan modification or workout plan offered at the meeting by the mortgagee, beneficiary, or authorized agent is subject to approval by the borrower.

**(g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent. For purposes of this section, "due diligence" shall require and mean all of the following:**

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days.  Telephone calls shall be made to the primary telephone number on file.
(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.
(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide    a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

(5) The mortgagee, beneficiary, or authorized agent has posted a prominent link on the homepage of its Internet Web site, if any, to the following information:
(A) Options that may be available to borrowers who are unable to    afford    their

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUE A TEMPORARY RESTRAINING ORDER

EXHIBIT 1 – 33

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

mortgage payments and who wish to avoid foreclosure, and instructions to borrowers advising them on steps to take to explore those options.

(B) A list of financial documents borrowers should collect and be prepared to present to the mortgagee, beneficiary, or authorized agent when discussing options for avoiding foreclosure.

(C) A toll-free telephone number for borrowers who wish to discuss options for avoiding foreclosure with their mortgagee, beneficiary, or authorized agent.

(D) The toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(i) This section shall apply only to loans made from January 1, 2003, to December 31, 2007, inclusive, that are secured by residential real property and are for owner-occupied residences. For purposes of this subdivision, "owner-occupied" means that the residence is the principal residence of the borrower.

(j) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

The tragic trend of the current economic climate is an alarmingly high rate of foreclosure sales across the country.  This trend has given rise to SB 1137 which added §2923.5 to the California Civil Code.  As presented above, California Civil Code §2923.5 sets forth very specific requirements that lenders must follow prior to filing a Notice of Default for loans made from January 1, 2003, to December 31, 2007.  The bill became operative on July 8, 2008.  The spirit of the bill is to promote work-outs between the borrower and the lender in lieu of foreclosure.  Defendants failed to abide by the requirements set forth in California Civil Code §2923.5 as will be explained infra.

In the present case, California Civil Code §2923.5 applies as the loan was made on or around April 2005. In or around June 2006, Plaintiff's income decreased dramatically because of the economic downturn.  As such, Plaintiffs were no longer able to make their monthly mortgage payments.

The Notice of Default was recorded on July 16, 2009 (a true and correct copy is attached hereto and incorporated herein by reference as "Exhibit A"). The Trustee Sale is scheduled for **November 30, 2009.**

Defendants only attempt to abide by California Civil Code §2923.5 is to provide

EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUE A TEMPORARY RESTRAINING ORDER

EXHIBIT 1 – 34

an ambiguous, contradictory and blanket "due diligence" statement which completely fails to satisfy the superficial requirements of California Civil Code §2923.5(b) and (g)(1)(2)(A)(B)(C)(3)(4)(5), as well as failing to satisfy the legislative intent behind §2923.5. The statement reads as follows:

> "I, Lorraine (Smag), of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct: BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5,"

California Civil Code §2923.5(b) requires every notice of default "shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent." As can be seen, Defendant's Notice of Default declaration is, essentially, a cut and paste of the Code provision and fails to show any compliance with the specific contact requirements. Even, superficially, the statement provided by Defendants is insufficient under California Code of Civil Procedure §2015.5 as it is unclear as to who is making the declaration, and is clearly vague and ambiguous as to what specific contact was made by defendants as required. Additionally, the declaration is not made by an individual with personal knowledge, as required by California Evidence Code §702. Therefore, no valid declaration, pursuant to California Code of Civil Procedure §2015.5, has been made and the Notice of Default, on its face, violates the declaration requirement of California Civil Code §2923.5.

Further, the statement entirely fails the spirit of California Civil Code §2923.5. In enacting §2923.5, California Legislature noted "it is essential to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by **modifying the foreclosure process to require** mortgagees, beneficiaries, or authorized agents to **contact**

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

8

EXHIBIT 1 - 35

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
20
21
22
23
24
25
26
27
28

borrowers and explore options that could avoid foreclosure." (emphasis added) (Historical and Statutory Notes to California Civil Code §2923.5, Section 1(d))  This intent, together with the strict contact requirements of §2923.5, reveals a due diligence mandate, imposed on mortgagees and beneficiaries, to actively contact the borrower for the purpose of exploring alternatives to foreclosure, including a modification of the mortgage loan terms.

The suspect statement fails to demonstrate the requisite due diligence that is clearly detailed in <u>Civil Code</u> §2923.5(g)(1)(2)(A)(B)(C) (5)(A)(B)(C)(D).  The statement does not specify whether Defendants satisfied the due diligence requirements to: 1- send a first-class letter including the toll free telephone number for HUD; then following the mailing of the letter, 2- attempt to contact Plaintiff at least three times at different hours and on different days, 3- use an automated system to dial Plaintiff, and 4-post a prominent link on the homepage of Defendants' Internet Web site.

Furthermore, in Plaintiff's declarations made under the penalty of perjury, Plaintiff asserts that between January 2009 (when Plaintiffs were forced to stop making mortgage payments) and July 2009 (when the Notice of Default was recorded), Plaintiff never received any phone calls (either by a live person or automated), or personal letters from the bank or any representative of the bank to assess their financial situation and provide them with an option to save their home.

**B. PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF HER COMPLAINT BECAUSE DEFENDANTS FAILED TO ABIDE BY THE REQUIREMENTS OF CALIFORNIA <u>CIVIL CODE OF PROCEDURE</u> §2015.5**

California <u>Code of Civil Procedure</u> §2015.5 states in pertinent part:

"Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, **declaration**, verification, certificate, oath, or affidavit, in writing of the person making the same, such may with like force and effect to be supported, evidenced, established or proved by the unsworn statement, **declaration**, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed

9

EXHIBIT 1 – 36

at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California." (Emphasis added.)

California Civil Code §2923.5 is clearly a law of this state.   Civil Code §2923.5(b) states in pertinent part "A notice of default filed pursuant to Section 2924 shall include a **declaration** from the mortgagee..." (Emphasis added).  It is simply a blanket statement used by Defendants in an attempt to "satisfy" the requirements of Civil Code §2923.5 and expedite the foreclosure process.  If the "at issue" statement is accepted as a declaration, not only will that create great injustice to Plaintiffs and the millions in Plaintiffs' shoes, but that will open the door to a different, less stringent requirement for a declaration that will be counterintuitive at best, which does not qualify to being in compliance with the law.

In the present case, Defendants have clearly failed to abide by requirements of both California Civil Code §2923.5 and California Code of Civil Procedure §2015.5.

## C.  PLAINTIFF IS LIKELY TO PREVAIL ON THE MERITS OF HER COMPLAINT BECAUSE DEFENDANTS FAILED TO ABIDE BY THE REQUIREMENTS OF CALIFORNIA CIVIL CODE §1632

California Civil Code §1632 states in pertinent part:
(b) Any person engaged in a trade or business who negotiates primarily in . . . Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement:
(e) Provision by a supervised financial organization of a translation of the disclosures required by Regulation M or Regulation Z. . . in any languages specified in subdivision (b) in which the contract or agreement was negotiated, prior to the execution of the contract or agreement, shall also be deemed in compliance with the requirements of subdivision (b) with regard to the original contract or agreement.
(k) Upon a failure to comply with the provisions of the section, the person aggrieved may rescind the contract or agreement in the manner provided by this chapter.

In the Federal Case of Ruiz v. Decision One Mortgage Company, LLC, the court held that California Civil Code states as §1632 (b)(4) applies to the lender, as well as to a loan broker through a theory of secondary liability. Ruiz v. Decision One Mortgage

10

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

**EXHIBIT 1 – 37**

1   Company, LLC  (July 2006) West Law 2067072 (N.D.Cal.)l No. C06-02530 HRL.

2       Further, Ruiz provides as follows: "Indeed section 1632 (b)(4) states that

3   notwithstanding the exclusion of loans secured by real property, the status applies to "a loan

4   or extension of credit for use primarily for personal, family or household purposes where

5   the loan or extension of credit is subject to the provision of Article 7 (commencing with

6   Section 10240) of Chapter 3 of Part I of Division 4 of the Business and Professions

7   Code…" Cal. Civ.Code §1632 (b)(4)  "The cited section of the California Business and

8   Professions Code, in turn, applies to certain loans secured by real property which are

9   negotiated by a real estate broker.  See Cal. Bus. & Prof.Code, § 10240.  Ruiz (July 2006)

10  West Law 2067072 (N.D.Cal.) l No. C06-02530 HRL.

11      As stated in Plaintiff's declarations, paragraph 1, the loan was negotiated in Korean

12  with the assistance of a Korean speaking loan broker and Defendants failed to provide

13  Plaintiffs with a translated version of all loan documents in Korean, Plaintiffs' primary

14  language.  Though Plaintiffs have the right to rescind the contract based on the failure to

15  abide by California Civil Code §1632, Plaintiffs are not presently interested in rescission.

16  Plaintiffs want to modify the loan and keep their home.

### IV.

### PLAINTIFF IS ENTITLED TO EQUITABLE RELIEF AND WILL
### SUFFER IRREPARABLE HARM UNLESS THE INJUNCTION IS GRANTED

21      In the Federal case of Demarest v. Quick Loan Funding, Inc., "The court may issue

22  an injunction if the moving party establishes either (1) a combination of probable success on

23  the merits **and** the possibility of irreparable harm **or** (2) the existence of serious questions

24  going to the merits, a demonstration that there is at least a fair chance the movant will

25  prevail, and a balance of hardships that tips sharply in the movant's favor.  (Emphasis

26  added) Demarest (April 2009) West Law 940377 (C.D.Cal.) ; No. CV 09-01687 MMM

27  (SSx) (quoting Miller for and on Behalf of N.L.R.B. v. California Pacific Medical, (1994)

28  19 F.3d 449, 456.)  "[T]the greater the relative hardship to the moving party, the less

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

**EXHIBIT 1 – 38**

1  probability of success must be shown." <u>Demarest v. Quick Loan Funding, Inc.</u>, (April

2  2009) West Law 940377 (C.D.Cal.) ; No. CV 09-01687 MMM (SSx) (quoting <u>National Ctr.</u>

3  <u>For Immigrants Rights v. INS</u>, (1984) 743 F.2d 1365, 1369.)

4        In the present case, the relative hardship to Plaintiffs, i.e., the possibility of losing

5  their home, represents irreparable injury, decreasing the probability that must be shown

6  (though Plaintiffs have successfully established probability of success).  The loss of one's

7  residence due to foreclosure constitutes irreparable injury.  <u>Demarest</u> 2009 West Law

8  940377 at 9, (quoting <u>Avila v. Stearns Lending Inc.</u>, (April 2008) West Law 1378231 (C.D.

9  Cal.); No. CV 08-0419-AG (CTx) The imminent foreclosure of Plaintiffs' residence

10  presents a threat of irreparable harm." <u>Nichols v. Deutche Bank Nat. Trust Co.</u>, (November

11  2007) West Law 4181111 (S.D. Cal.) at 3; Civil No. 07cv2039-L(NLS) "It may be said

12  that if appellants proceed with the sale under the deed of trust, respondent will be deprived

13  of this particular piece of property, and such damage may be considered irreparable for in

14  equity each parcel of real property is considered unique." <u>Stockton v. Newman</u>, (1957) 148

15  Cal.App.2d 558, 564 (quoting Pomeroy, Equity Jurisprudence, Fifth Ed., Vol. 4, p. 1034,

16  sec. 1402)

<div align="center">V.</div>

<div align="center"><b><u>A POSTING IS NOT REQUIRED IN THIS MATTER</u></b></div>

20        <u>Hummell v. Republic Federal Savings & Loan</u> (1982) 133 Cal.App.3d 49, 51-52,

21  provides that "While a court may exercise injunctive power upon conditions protecting all

22  interests affected by the injunction (citation), the conditions imposed ***must relate directly*** to

23  the interest to be protected."  (Emphasis added.)  Here, the Defendants' interest is to

24  foreclose and sell the subject property.  Plaintiff is in the process of beginning negotiations

25  with Defendants, JP MORGAN CHASE BANK and WASHINGTON MUTUAL BANK, to

26  modify the loan, including all amounts in arrears; yet, Defendant, CALIFORNIA

27  RECONVEYANCE COMPANY, on behalf of Defendants, JP MORGAN CHASE BANK

28  and WASHINGTON MUTUAL BANK, is attempting to foreclose on the subject property,

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

<div align="center">12</div>

<div align="right"><b>EXHIBIT 1 - 39</b></div>

1    thus removing the subject property from Plaintiff and surreptitiously terminating the loan

2    and any and all modification attempts.

3        The interest of Defendants that must be protected in this matter is the right of

4    foreclosure. Plaintiff does not seek to extinguish this right, but only to delay it. Banks have

5    been directed by the State (Civil Code, §2923.5) to attempt loan modifications and

6    assistance, yet they routinely have their trustees commence foreclosure proceedings before

7    or during their discussions with the borrowers in arrears, and before the negotiations can be

8    concluded, the property is taken in foreclosure, ending any and all modification and

9    assistance. This action constitutes an unfair business practice (Bus. & Prof. Code, §17200)

10   that must be stopped, if not delayed. There is no pecuniary interest that must be protected,

11   and to condition the TRO upon the posting of a bond for the amount in arrears does not

12   relate directly to Defendants' interest of the right of foreclosure, as required by Hummell,

13   supra, thus no bond is required.

14       There is no pecuniary interest by Defendants that need protecting in this matter as

15   the TRO is to stop the sale until negotiations have been concluded. Defendants still have

16   the right to foreclose, this TRO request is merely to delay that attempt until negotiations

17   have concluded. In today's real estate market, the value of the subject property has nowhere

18   to go but up, thus there is no pecuniary interest by Defendants. Should a pecuniary interest

20   be found in Defendants, that interest is best served by the delay in a higher value of the

21   subject property in a foreclosure sale in the future rather than today at a lower price.

22       Pursuant to the facts of this matter, and the guidance of Hummell, supra, there

23   should be no bond required for the granting of the TRO.

24   ///

25   ///

26   ///

27   ///

28   ///

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

13

EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUE A TEMPORARY RESTRAINING ORDER

EXHIBIT 1 - 40

# VI.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue a temporary restraining order to restrain the Defendants and their agents, attorneys, successors, and representatives and all persons acting in concert or participating with them, from selling, attempting to sell, or causing to be sold the Subject Property at the Trustee Sale set for **November 30, 2009.**

Dated: November 24, 2009                    LAW OFFICES OF GENE W. CHOE, PC


By: _____
    Ilhwan Park, Esq.
    Attorney for Plaintiffs,
    MEI LEE and TEENA KANG

LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

14

EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUE A TEMPORARY RESTRAINING ORDER

**EXHIBIT 1 – 41**

**EXHIBIT A**

EXHIBIT 1 – 42



**This page is part of your document - DO NOT DISCARD**



## 20091075530



Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**07/16/09 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 18.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 18.00 |



LEADSHEET



200907160130009

00000877051



002210301

SEQ:
26

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED            t46

**EXHIBIT 1 – 43**

LANDSAFE TITLE

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

Attn: Wellington (Xavier) Payano
TS No. 09-0101610
Title Order No. 09-8-287542

07/16/2009

*20091076630*

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded ( which date of recordation appears on this notice).

This amount is $22,697.54, as of 07/15/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations ( such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

[Page 1 of 2]

Form nod (09/01)

EXHIBIT 1 – 44

TS No. 09-0101610

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY SV-35
SIMI VALLEY, CA  93065
FORECLOSURE DEPARTMENT (800) 669-6650

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember,

## YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is acting as an agent for the Beneficiary under a Deed of Trust dated 04/04/2005, executed by MEI Y LEE, A SINGLE WOMAN as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 04/21/2005, as Instrument No. 05 0929298 (or Book _____, Page _____) of Official Records in the Office of the County Recorder of Los Angeles County, California.
Said obligation including ONE NOTE FOR THE ORIGINAL sum of $ 308,800.00.
That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON 11/01/2008 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY, INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES.  IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON  05/01/2035  AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.
That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable  and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.
If required by the provisions of  Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Default duly recorded with the appropriate County Recorder's office.
Dated: July 15, 2009
RECONTRUST COMPANY, N.A., as agent for the Beneficiary
By LandSafe Title Corporation, as its Attorney in Fact
By _____

DEBBIE MAGA

[Page 2 of 2 ]

Form riod (09/01)

**EXHIBIT 1 - 45**

**Bank of America** 〰
Home Loans

4

Notice Date: July 3, 2009
Account No.: TS #09-0101610

Property Address:
840 East 25th Street
Los Angeles, CA 90011
Mei Y Lee
840 E 25th St Unit 1
Los Angeles, CA 90011

## CALIFORNIA DECLARATION

I, _Corrine Jump_ of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

☐ BAC Home Loans Servicing, LP has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure,

☒ BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5, or

☐ BAC Home Loans Servicing, LP verified that the borrower has surrendered the property.

☐ BAC Home Loans Servicing, LP has evidence and reasonably believes that the borrower has contracted with an organization, person, or entity whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

☐ BAC Home Loans Servicing, LP has confirmed that the borrower(s) filed for bankruptcy and the proceedings have not been finalized to wit, there is no order on the court's docket closing or dismissing the bankruptcy case.

☐ The provisions of California Civil Code §2923.5 do not apply because

_7/9/09,  Ft Worth TX_
Date and Place

_Corrine Jump_                    _Collector II_
Name of Signor                    Title and/or Position

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.
CALDECLH 55529524 8/29/2008

**EXHIBIT 1 – 46**

# EXHIBIT B

EXHIBIT 1 – 47



This page is part of your document - DO NOT DISCARD

## 20091639292





Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/30/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |



**LEADSHEET**

Z00910300160002

00001427390



002380622

SEQ:
06

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

EXHIBIT 1 – 48

LANDSAFE TITLE

RECORDING REQUESTED BY:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063

10/30/2009

*20091639292*

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
TS No. 09-0101610
Title Order No. 09-8-287542

APN No. 5131-025-011

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 04/04/2005.
UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE
SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE
NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A
LAWYER.**

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by MEI Y LEE, A SINGLE WOMAN, dated 04/04/2005 and recorded 04/21/2005, as Instrument No. 05 0929298, in Book _____, Page _____ of Official Records in the office of the County Recorder of LOS ANGELES County, State of California, will sell on 11/17/2009 at 10:30 AM, At the West side of the Los Angeles County Courthouse, directly facing Norwalk Blvd., 12720 Norwalk Blvd., Norwalk, CA 90650

at public auction, to the highest bidder for cash or check as described below, payable in full at time of sale, all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 840 840 1/2 EAST 25TH STREET, LOS ANGELES, CA 90011-1625. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $342,989.77. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state.

Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.
If required by the provisions of Section 2923.5 of the California Civil Code, the declaration from the mortgagee, beneficiary or authorized agent is attached to the Notice of Trustee's Sale duly recorded with the appropriate County Recorder's office.

RECONTRUST COMPANY
1800 Tapo Canyon Rd., CA6-914-01-94
SIMI VALLEY, CA 93063
Phone/Sale Information: (800) 281-8219

By: _____
    Manjit Ghataura,    Team Member

RECONTRUST COMPANY, N.A. is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

Form nos (07/01)

**EXHIBIT 1 – 49**

09-010/610

Mei Y Lee
840 E 25th St Unit 1
Los Angeles, CA 90011

Property Address:
840 East 25th Street
Los Angeles, CA 90011

## CALIFORNIA DECLARATION

I, <u>JOHN CURTIS</u>, of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct:

BAC Home Loans Servicing, LP, has obtained from the Commissioner of Corporations a final order of exemption pursuant to California Civil Code Section 2923.53 that is current and valid on the date the accompanying Notice of Sale is filed.

**AND**

The timeframe for giving Notice of Sale specified in subdivision (a) of Civil Code Section 2923.52 <u>does not</u> apply pursuant to Section 2923.52 (b).

10/16/2009    SIMI VALLEY, CA
Date and Place

<u>JOHN CURTIS</u>
Name of Signor

<u>TEAM MANAGER</u>
Title and/or Position

Signature

This communication is from BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A.

CA Dec AB No 7  11214  07/29/2009

**EXHIBIT 1 - 50**

**EXHIBIT C**

EXHIBIT 1 – 51

```
Transaction Report
Send
Transaction(s) completed

No. TX Date/Time  Destination          Duration P.#   Result   Mode

196 NOV-23  11:01 12136148632          0'00'13" 002   OK       N ECM
```

## LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, California 90010

### Fax Cover Sheet

| | | | | |
|---|---|---|---|---|
| **DATE:** | November 23, 2009 | | **TIME:** | 10:41 a.m. |
| **TO:** | CT Corporation Systems- "Melissa" | | **PHONE:** | |
| | | | **FAX:** | (213) 614-8632 |
| **FROM:** | | | **PHONE:** | 213-639-3888 |
| | Law Offices of Gene W. Choe, P.C. | | **FAX:** | 213-383-8280 |
| **RE:** | NOTICE OF EX PARTE APPLICATION FOR TRO FOR BANK OF AMERICA | | | |
| **CC:** | via Fax No. | | via Fax No. | |
| | via Fax No. | | via Fax No. | |

**Number of pages including cover sheet: 2**

☒ Urgent  ☒ For Your Review  ☐ For Your Comment  ☒ For Your Action  ☐ Others

Mode of Delivery ☐ Hard Cover Delivery.

☐ U.S. Mail ☐ Express Mail ☐ Certified Mail ☐ Certified Mail with Return Receipt ☐ Personal Delivery

| Message |
|---|

**EXHIBIT 1 – 52**

**EXHIBIT D**

EXHIBIT 1 – 53

```
Transaction Report

Send
Transaction(s) completed

No. TX Date/Time   Destination                    Duration P.#    Result    Mode

195 NOV-23  11:00 8059555853                       0°00'15' 002     OK      N ECM
```

## LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, California 90010

## Fax Cover Sheet

DATE:     November 23, 2009                 TIME:     10:41 a.m.

TO:     Recontrust Company- "Farel"      PHONE:

                                         FAX:     (805) 577-4562
                                                  (213) 614-8632

FROM:                                    PHONE:   213-639-3888
        Law Offices of Gene W. Choe, P.C.   FAX:   213-383-8280

RE:     NOTICE OF EX PARTE APPLICATION FOR TRO FOR RECONTRUST COMPANY

CC:         via Fax No.                          via Fax No.

            via Fax No.                          via Fax No.

Number of pages including cover sheet:  2

☒ Urgent  ☒ For Your Review  ☐ For Your Comment  ☒ For Your Action  ☐ Others

Mode of Delivery ☐ Hard Cover Delivery.

☐ U.S. Mail  ☐ Express Mail  ☐ Certified Mail  ☐ Certified Mail with Return Receipt  ☐ Personal Delivery

| Message |
| --- |

## Notice of Ex Parte Application for Temporary Restraining Order for Recontrust Company

EXHIBIT 1 – 54

# EXHIBIT E

EXHIBIT 1 – 55

Order No.
Escrow No.
Loan No.

SEP 2 3 2005

WHEN RECORDED MAIL TO:

~~XXXXXXXXXXXXXXX~~
Mei Y. Lee
Teena J. Kang
840 E. 25th St.
Los Angeles, CA 90011

COPY of Document Recorded
05  2305622
Has not been compared with original.
Original will be returned when
processing has been completed.
LOS ANGELES COUNTY REGISTRAR - RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

DOCUMENTARY TRANSFER TAX $ 0.00 **
..... Computed on the consideration or value of property conveyed; OR
..... Computed on the consideration or value less liens or encumbrances
remaining at time of sale.

** This is a bona fide gift and the
grantor received nothing in return,
R&T 11911. **

Signature of Declarant or Agent determining Tax — Firm Name

APN: 5131-025-011

# QUITCLAIM DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Mei Y. Lee, A Single Woman

do(es) hereby REMISE, RELEASE AND FOREVER QUITCLAIM to

Mei Y. Lee, a Single Woman and Teena J. Kang, a Single Woman

the real property in the City of   Los Angeles
County of  Los Angeles                                      , State of California, described as

Lot 10 in Block B of Menlo Park Subdivision No. 1, in the City of
Los Angeles, County of Los Angeles, State of California, as per map
recorded in Book 59, Page(s) 63 of Miscellaneous records, in the
Office of the County Recorder of said County.
(Commonly known as: 840 E. 25th Street, Los Angeles, CA 90011)

Dated   August 15, 2005

Mei Y. Lee

STATE OF CALIFORNIA                    ss
COUNTY OF  Los Angeles
On   August 15, 2005                   before me,
Jane Sook Koo, Notary Public
personally appeared    Mei Y. Lee

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

~~Hand and official seal.~~



JANE SOOK KOO
COMM. #1514764
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires OCT. 19, 2008

MAIL TAX STATEMENTS TO:   Same as above

(This area for official notarial seal)

FATCOLA 75 (8/94)

**EXHIBIT 1 – 56**



JOHN J. LYNCH
COUNTY ASSESSOR
COUNTY OF LOS ANGELES
500 West Temple Street
Los Angeles, California 90012-2770

**PRELIMINARY CHANGE OF OWNERSHIP REPORT**
THIS REPORT IS NOT A PUBLIC DOCUMENT

THIS SPACE FOR RECORDER'S USE

(To be completed by transferee (buyer) prior to transfer of the subject property in accordance with
Section 480.3 of the Revenue and Taxation Code.)

SELLER/TRANSFEROR: Mei Y. Lee

BUYER/TRANSFEREE: Mei Y. Lee and Teena J. Kang

ASSESSOR'S IDENTIFICATION NUMBER(S): 5131-025-011

PROPERTY ADDRESS OR LOCATION: 840 - 840½ E. 25th St.
L.A.    CA    90011
No.    Street    City    State    Zip Code

MAIL TAX INFORMATION TO:

NAME: Mei Y. Lee and Teena J. Kang

ADDRESS: 840 E. 25th St. L.A. CA 90011
Street No.    City    State    Zip Code

| FOR ASSESSOR'S USE ONLY | |
|---|---|
| Cluster | |
| OC1 | OC2 |
| DT | INT |
| RC | SP $ |
| DTT $ | # Pcl |

A Preliminary Change in Ownership Report
must be filed with each conveyance in the
County Recorder's office for the county
where the property is located; this particular
form may be used in all 58 counties of
California.

The property which you acquired may be subject to a supplemental assessment in an amount to be determined by the Los Angeles County
Assessor. For further information on your supplemental roll obligation, please call the Los Angeles County Assessor at (213) 974-3211

**PART I:  TRANSFER INFORMATION**                    Please answer all questions.

YES  NO

A. Is this transfer solely between husband and wife? (Addition of a spouse, death of a spouse, divorce settlement, etc.)

B. Is this transaction only a correction of the name(s) of the person(s) holding title to the property? (For example, a name change upon marriage)

C. Is this document recorded to create, terminate, or reconvey a lender's interest in the property?

D. Is this transaction recorded only to create, terminate, or reconvey a security interest (e.g., cosigner)?

E. Is this document recorded to substitute a trustee under a deed of trust, mortgage, or other similar document?

F. Did this transfer result in the creation of a joint tenancy in which the seller (transferor) remains as one of the joint tenants?

G. Does this transfer return property to the person who created the joint tenancy (original transferor)?

H. Is this transfer of property:
   1. to a trust for the benefit of the grantor, or grantor's spouse?
   2. to a trust revocable by the transferor?
   3. to a trust from which the property reverts to the grantor within 12 years?

I. If this property is subject to a lease, is the remaining lease term 35 years or more including written options?

J. Is this a transfer from parents to children or from children to parents?

K. Is this transaction to replace a principal residence by a person 55 years of age or older?

If you checked yes to J or K, an applicable claim form must be filed with the County Assessor.

Please provide any other information that would help the Assessor to understand the nature of the transfer.

IF YOU HAVE ANSWERED "YES" TO ANY OF THE ABOVE QUESTIONS EXCEPT J OR K, PLEASE SIGN AND DATE,
OTHERWISE COMPLETE BALANCE OF THE FORM.

**PART II:  OTHER TRANSFER INFORMATION**

A. Date of transfer if other than recording date

B. Type of transfer. Please check appropriate box.
   ☐ Purchase   ☐ Foreclosure   ☒ Gift   ☐ Trade or Exchange   ☐ Merger, Stock or Partnership Aquisition
   ☐ Contract of Sale – Date of Contract _____
   ☐ Inheritance – Date of Death _____ ☐ Other: Please explain: _____
   Creation of a lease;   ☐ Assignment of a lease;   ☐ Termination of a lease
   _____ lease began _____
   _____ term in years (including written options) _____
   _____ ing term in years (including written options) _____

C. Was only _____ rtial interest in the property transferred?   ☐ Yes   ☒ No
   If y_____ _____ _____ ercentage transferred _____ %.

502-A ...    7 rev. 9-89) 76P830 ASSR-70

**EXHIBIT 1 – 57**

## PRELIMINARY CHANGE OF OWNERSHIP REPOR

Please answer, to the best of your knowledge, all applicable questions, sign and date. If a question does not apply, indicate with "N/A"

**ART III: PURCHASE PRICE & TERMS OF SALE**

. CASH DOWN PAYMENT OR Value of Trade or Exchange (excluding closing cost)                                    Amount $

. FIRST DEED OF TRUST @ _____ % Interest for _____ years. Pymts./Mo. = $ _____ (Prin. & Int. only) Amount $

| | | |
|---|---|---|
| ☐ FHA | ☐ Fixed Rate | ☐ New Loan |
| ☐ Conventional | ☐ Variable Rate | ☐ Assumed Existing Loan Balance |
| ☐ VA | ☐ All Inclusive D.T. ($ _____ Wrapped) | ☐ Bank or Savings & Loan |
| ☐ Cal-Vet | ☐ Loan Carried by Seller | ☐ Finance Company |

Balloon Payment  ☐ Yes    ☐ No         Due Date _____         Amount $

SECOND DEED OF TRUST @ _____ % Interest for _____ years Pymts./Mo. = $ _____ (Prin. & Int. only) Amount $

| | | |
|---|---|---|
| ☐ Bank or Savings & Loan | ☐ Fixed Rate | ☐ New Loan |
| ☐ Loan Carried by Seller | ☐ Variable Rate | ☐ Assumed Existing Loan Balance |

Balloon Payment  ☐ Yes    ☐ No         Due Date _____         Amount $

. OTHER FINANCING: Is other financing involved not covered in (b) or (c) above?  ☐ Yes    ☐ No    Amount $

Type _____ @ _____ % Interest for _____ years, Pymts./Mo. = $ _____ (Prin. & Int. only)

| | | |
|---|---|---|
| ☐ Bank or Savings & Loan | ☐ Fixed Rate | ☐ New Loan |
| ☐ Loan Carried by Seller | ☐ Variable Rate | ☐ Assumed Existing Loan Balance |

Balloon Payment  ☐ Yes    ☐ No         Due Date _____         Amount $

. IMPROVEMENT BOND    ☐ Yes    ☐ No              Outstanding Balance:         Amount $

. TOTAL PURCHASED: (or acquisition price, if traded or exchanged, include real estate commission if paid.)  Total Items A through E  $

. PROPERTY PURCHASED:  ☐ Through a broker;  ☐ Direct from seller;  ☐ Other (Explain) _____
If purchased through a broker, provide broker's name and phone no.: _____

Please explain any special terms or financing and any other information that would
help the Assessor understand the purchase price and terms of sale. _____

---

**PART IV:  PROPERTY INFORMATION**

. IS PERSONAL PROPERTY INCLUDED IN THE PURCHASE PRICE?
(other than a mobilehome subject to local property tax?)  ☐ Yes   ☒ No
If yes, enter the value of the personal property included in the purchase price $ _____ (Attach itemized list of personal property)

. IS THIS PROPERTY INTENDED AS YOUR PRINCIPAL RESIDENCE?  ☒ Yes    ☐ No
If yes, enter date of occupancy _____ / _____ , 19 _____ or intended occupancy _____ / _____ , 19 _____
                               Month    Day                                          Month    Day

. TYPE OF PROPERTY TRANSFERRED:

| | | |
|---|---|---|
| ☐ Single-Family residence | ☐ Agricultural | ☐ Timeshare |
| ☒ Multiple-Family residence (no. of units: 2 ) | ☐ Co-op/Own-your-own | ☐ Mobilehome |
| ☐ Commercial/Industrial | ☐ Condominium | ☐ Unimproved lot |
| ☐ Other (Description) | | |

. DOES THE PROPERTY PRODUCE INCOME?  ☐ Yes   ☒ No

. IF THE ANSWER TO QUESTION D IS YES, IS THE INCOME FROM:
☐ Lease/Rent    ☐ Contract    ☐ Mineral rights    ☐ Other-explain _____

. WHAT WAS THE CONDITION OF THE PROPERTY AT THE TIME OF SALE?
☒ Good    ☐ Average    ☐ Fair    ☐ Poor
Enter here, or on an attached sheet, any other information that would assist the Assessor in determining value of the property such as the physical condition of the property, restrictions, etc. _____

---

I certify that the foregoing is true, correct and complete to the best of my knowledge and belief.

Signed _____   Date 6-15-05

_(New Owner/Legal Representative/Corporate Officer)_

Please Print Name of New Owner/Legal Representative/Corporate Officer _____
Phone No. where you are available from 8:00 a.m. - 5:00 p.m. ( ) _____
(NOTE:  The Assessor may contact you for further information)

If a document evidencing a change of ownership is presented to the recorder for recordation without the concurrent filing of a PRELIMINARY CHANGE OF
OWNERSHIP REPORT, the recorder may charge an additional recording fee of twenty dollars ($20). The additional fee shall not be charged if the document is
accompanied by an affidavit that the transferee is not a resident of California.

**AFFIDAVIT OF NONRESIDENT TRANSFEREE**

The Transferee (buyer) named above is a resident of _____ The Transferee named above is not a resident of the State of California.
                                                     State

Signed: _____   Date: _____
_(New Owner/Legal Representative/Corporate Officer)_

EXHIBIT 1 – 58

# EXHIBIT F

EXHIBIT 1 – 59

 This page is part of your document - DO NOT DISCARD 

06 1988383

```
RECORDED/FILED IN OFFICIAL RECORDS
RECORDER'S OFFICE
LOS ANGELES COUNTY
CALIFORNIA

11:01 AM   SEP   06   2006
```

TITLE(S) :                     **DEED**



L E A D   S H E E T

FEE    | FEE $7 D |                              D.T.T.

CODE
20

CODE
19

CODE
9

**NOTIFICATION SENT $4**

Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.        Number of AIN's Shown

5131 - 025 - 011                    001

 THIS FORM IS NOT TO BE DUPLICATED 

EXHIBIT 1 - 60

Order No.
Escrow No.                              24
Loan No.

WHEN RECORDED MAIL TO:                           06 1988383

   Teena J. Kang          →    *Kyung Mi Cho*
   840 E. 25th St.             *a single woman.*
   Los Angeles, CA 90011

---

APN: 5131-025-011                    **SPACE ABOVE THIS LINE FOR RECORDER'S USE**
DOCUMENTARY TRANSFER TAX $ 0.00 **      ** This is a bona fide gift and the
...... Computed on the consideration or value of property conveyed; OR    grantor received nothing in return,
...... Computed on the consideration or value less liens or encumbrances   R&T 11911. **
    remaining at time of sale.

_____
Signature of Declarant or Agent determining Tax — Firm Name

# QUITCLAIM DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

    Mei Y. Lee, a Single Woman

do(es) hereby REMISE, RELEASE AND FOREVER QUITCLAIM to

    Teena J. Kang, a Single Woman

the real property in the City of  Los Angeles
County of    Los Angeles                          State of California, described as

    Lot 10 in Block B of Menlo Park Subdivision No. 4, in the City of
    Los Angeles, County of Los Angeles, State of California, as per map
    recorded in Book 59, Page(s) 63 of Miscellaneous records, in the
    Office of the County Recorder of said County.

    (Commonly known as: 840 E. 25th Street, Los Angeles, CA 90011)

Dated _____ July 15, 2006 _____

STATE OF CALIFORNIA                    } SS.
COUNTY OF __Los Angeles__                    _____
On __July 15, 2006_____ before me,             Mei Y. Lee
Jane Sook Koo, Notary Public                  _____
personally appeared
    Mei Y. Lee                          _____

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

```
┌─────────────────────────────┐
│        JANE SOOK KOO         │
│        COMM. #1514784        │
│   NOTARY PUBLIC · CALIFORNIA │
│      LOS ANGELES COUNTY      │
│  My Comm. Expires OCT. 19, 2008 │
└─────────────────────────────┘
```

MAIL TAX STATEMENTS TO:      Same as above          (This area for official notarial seal)

                                              Same as above

FATCOLA 75 (6/94)

**EXHIBIT 1 – 61**

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk



SEP 06 2006



REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

**EXHIBIT 1 – 62**

11/24/2009  16:03  31078  5                    OFFICE DEPOT                              PAGE 02/02

## SUPPLEMENTAL DECLARATION OF MEI LEE

I, Mei Lee, declare and state as follows:

1. I am one of the Plaintiffs in this action and have personal knowledge of each fact stated in this declaration.

2. Following the last mortgage payment to the date of the Notice of Default, I never received any phone calls at home from the bank, or any of the bank's representatives or agents, seeking to meaningfully assess my financial situation or to engage in a meaningful discussion exploring options to foreclosure.

3. Following the last mortgage payment to the date of the Notice of Default, I never received any phone calls on my cell phone from the bank, or any of the bank's representatives or agents, seeking to meaningfully assess my financial situation or to engage in a meaningful discussion exploring options to foreclosure.

4. To this date, I have not held a conversation with the bank, or any of the bank's agents, which I could understand, in which alternatives to foreclosure were discussed.

   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on November 24, 2009.

_____
            Mei Lee



**EXHIBIT 1 – 63**

## SUPPLEMENTAL DECLARATION OF TEENA KANG

I, Teena Kang, declare and state as follows:

1.  I am one of the Plaintiffs in this action and have personal knowledge of each fact stated in this declaration.

2.  On or about August 2008, due to increasing difficulties in meeting the monthly mortgage payment, I contacted the bank to ask for help in meeting the monthly mortgage payments. In response, the bank reluctantly and verbally agreed to lower the monthly payment by only $300. Although this offer was better than nothing, it still required more than we (Mei Lee, Joy Kang, and myself) could afford, and the bank was unwilling to do anything more than this.

3.  Even if we were willing to accept the reduction in mortgage, we were unable to do so since the bank never provided any follow-up documentation or phone calls instructing us as to how to proceed.

4.  From January 2009 to the date of the Notice of Default, neither the bank nor any of their agents have contacted me by telephone to meaningfully discuss options to foreclosure.

5.  From January 2009 to the date of the Notice of Default, I have not received any voice messages from the bank or from any of their agents requesting I contact them.

6.  To this date, I have not held a conversation with the bank, or any of the bank's agents in which meaningful alternatives to foreclosure were discussed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Los Angeles, California on November 24, 2009.

Teena Kang

Supplemental Declaration of Teena Kang

## DECLARATION OF CINDY MAGANA

I, CINDY MAGANA, declare and state as follows:

I am a Law Clerk in the Law Offices of Gene W. Choe and assisting in the matter of Mei Lee and Teena Kang v. Bank of America Corporation, Recontrust Company, et al., case number BC426444. The following statements are based on my own personal knowledge and if called, could testify competently hereto as follows:

1.    A true and correct copy of the facsimile confirmation sheet and written confirmation of notice faxed to CT Corporation is attached hereto as Exhibit C.

2.    A true and correct copy of the facsimile confirmation sheet and written confirmation of notice faxed to Recontrust Company is attached hereto as Exhibit D.

3.    On Tuesday, November 24, 2009 at 10:00 a.m. CT Corporation System which is listed as the registered agent for service of process for Bank of America Corporation was reached at (213) 627-8252. "Courtney" was informed that on Wednesday, November 25, 2009 at 8:30 a.m. in Department 85 of the Los Angeles Superior Court- Stanley Mosk Courthouse, located at 111 North Hill Street, Los Angeles, CA 90012, counsel for Mei Lee and Teena Kang will move the court for an ex parte application for a temporary restraining order enjoining the trustee's sale of their property scheduled for November 30, 2009.  I informed "Courtney" that the Subject Property is located at 840 East 25th Street, Los Angeles, CA 90011. I also informed "Courtney" of the case number and Trustee sale number. "Courtney" was unable to indicate whether they would oppose.

4.    On Tuesday, November 24, 2009 at 10:25 a.m. a written confirmation of the notice telephonically given to CT Corporation System was faxed to (213) 614-8632, which was the number provided by "Courtney." I spoke with Courtney and stated that they

5.    On Tuesday, November 24, 2009 at 10:15 a.m. I called Recontrust Company at (800) 281-8219 which has been previously used to give ex parte notice to Recontrust Company. "Sylvia" was informed him that on Wednesday, November 25, 2009 at 8:30 a.m. in Department 85 of the Los Angeles Superior Court- Stanley Mosk Courthouse, located at 111 North Hill Street, Los Angeles, CA 90012, counsel for Mei Lee and Teena Kang will move the court for an ex parte application for a

- 1 -

Declaration of Cindy Magana

EXHIBIT 1 - 65

1  temporary restraining order enjoining the trustee's sale of their property scheduled for November 30,

2  2009. I informed "Sylvia" that the Subject Property is located at 840 East 25th Street, Los Angeles,

3  CA 90011. I also informed "Sylvia" of the case number and Trustee sale number. "Sylvia" was

4  unable to indicate whether they would oppose.

5       6. On Tuesday, November 24, 2009 at 11:00 a.m. a written confirmation of the notice

6  telephonically given to Recontrust was faxed to (805)577-4562, which was the number provided to

7  me by "Sylvia."

8

9       I declare under penalty of perjury under the laws of the State of California that the foregoing

10  is true and correct.

11  Executed at Los Angeles, California on November 24, 2009.

12

13                                              _____

14                                              Cindy Magana

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Declaration of Cindy Magana

EXHIBIT 1 – 66

**EXHIBIT C**

EXHIBIT 1 – 67

```
Transaction Report

Send
Transaction(s) completed

No. TX Date/Time   Destination                    Duration P.#    Result    Mode

220 NOV-24   10:43 2136148632                     0'00'13' 002    OK        N ECM
```

## LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, California 90010

## Fax Cover Sheet

| | | | |
|---|---|---|---|
| DATE: | November 24, 2009 | TIME: | |
| TO: | CT Corporation Systems- ~~▓~~ | PHONE: | |
| | "Courtney" | FAX: | (213) 614-8632 |
| FROM: | | PHONE: | 213-639-3888 |
| | Law Offices of Gene W. Choe, P.C. | FAX: | 213-383-8280 |
| RE: | NOTICE OF EX PARTE APPLICATION FOR TRO FOR BANK OF AMERICA | | |
| CC: | via Fax No. | | via Fax No. |
| | via Fax No. | | via Fax No. |

Number of pages including cover sheet: ~~▓~~ 2

☒ Urgent  ☒ For Your Review  ☐ For Your Comment  ☒ For Your Action  ☐ Others

Mode of Delivery  ☐ Hard Cover Delivery.

☐ U.S. Mail  ☐ Express Mail  ☐ Certified Mail  ☐ Certified Mail with Return Receipt  ☐ Personal Delivery

| Message |
|---|

**EXHIBIT 1 – 68**

# L A W   O F F I C E S   O F   G E N E   W .   C H O E ,   P . C .

3699 Wilshire Boulevard, Suite 720

Los Angeles, California 90010

*telephone* 213-639-3888 *facsimile* 213-383-8280

November 24, 2009

Notice for: BANK OF AMERICA
ATTN: CT CORPORATION SYSTEM- "Courtney"
*Via Fax (213) 614-8632*

Re:     **EX PARTE NOTICE FOR A TEMPORARY RESTRAINING ORDER FOR BANL OF AMERICA
CORPORATION**

Borrower:     Mei Lee / Teena Kang
Trustee Sale #: 09-0101610
Prop Address:  840 East 25th Street, Los Angeles, CA 90011

To Whom It May Concern:

This letter will confirm my conversation with "Courtney" from CT Corporation Systems where I provided telephonic notice that on **November 25, 2009 at 8:30 a.m. in Department 85** of the Los Angeles Superior Court- Stanley Mosk Courthouse, located at **111 North Hill Street, Los Angeles, CA 90012,** counsel for Mei Lee and Teena Kang will move the court for an ex parte application for a temporary restraining order enjoining the sale of the above-referenced property which is set for November 30, 2009.

If you have any questions or concerns, please do not hesitate to contact the undersigned.

Very truly yours,

Cindy Magana
Law Clerk

EXHIBIT 1 – 69

**EXHIBIT D**

**EXHIBIT 1 - 70**

```
Transaction Report

Send
Transaction(s) completed

No. TX Date/Time  Destination                    Duration P.#   Result   Mode

227 NOV-24  11:43 8059555853                     0°00'19" 002   OK       N ECM
```

## LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, California 90010

## Fax Cover Sheet

| | | | |
|---|---|---|---|
| DATE: | November 24, 2009 | TIME: | |
| TO: | Recontrust Company  —Sylvia | PHONE: | |
| | | FAX: | (805)577-4562 |
| FROM: | | PHONE: | 213-639-3888 |
| | Law Offices of Gene W. Choe, P.C. | FAX: | 213-383-8280 |
| RE: | NOTICE OF EX PARTE APPLICATION FOR TRO FOR RECONTRUST COMPANY | | |
| CC: | via Fax No. | | via Fax No. |
| | via Fax No. | | via Fax No. |

**Number of pages including cover sheet:  2**

☒ Urgent  ☒ For Your Review  ☐ For Your Comment  ☒ For Your Action  ☐ Others

Mode of Delivery  ☐ Hard Cover Delivery.

☐ U.S. Mail  ☐ Express Mail  ☐ Certified Mail  ☐ Certified Mail with Return Receipt  ☐ Personal Delivery

Message

**EXHIBIT 1 – 71**

# L A W   O F F I C E S   O F   G E N E   W.   C H O E,   P.C.

### 3699 Wilshire Boulevard, Suite 720

### Los Angeles, California 90010

*telephone* 213-639-3888 *facsimile* 213-383-8280

November 24, 2009

Notice for: Recontrust Company
ATTN: Recontrust Company- "Sylvia"
*Via Fax (213) 614-8632*

> **Re:** __EX PARTE NOTICE FOR A TEMPORARY RESTRAINING ORDER FOR RECONTRUST__
> __COMPANY__
>
> **Borrower:**      **Mei Lee / Teena Kang**
> Trustee Sale #: 09-0101610
> Prop Address:  **840 East 25th Street, Los Angeles, CA 90011**

To Whom It May Concern:

This letter will confirm my conversation with "Sylvia" from Recontrust Company where I provided telephonic notice that on **November 25, 2009 at 8:30 a.m. in Department 85 of the Los Angeles Superior Court- Stanley Mosk Courthouse, located at 111 North Hill Street, Los Angeles, CA 90012,** counsel for Mei Lee and Teena Kang will move the court for an ex parte application for a temporary restraining order enjoining the sale of the above-referenced property which is set for November 30, 2009.

If you have any questions or concerns, please do not hesitate to contact the undersigned.

Very truly yours,

Cindy Magana
Law Clerk

**EXHIBIT 1 – 72**

1  Gene W. Choe, Esq. (SBN 187704)
2  Ilhwan Park, Esq. (SBN 250220)
   LAW OFFICES OF GENE W. CHOE, P.C.
3  3699 Wilshire Boulevard, Suite 720
   Los Angeles, California 90010
4  Telephone 213-639-3888
   Facsimile 213-383-8280
5
6  Attorneys for Plaintiffs, MEI LEE and TEENA KANG
7
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10             COUNTY OF LOS ANGELES-CENTRAL DISTRICT
11  MEI LEE and TEENA KANG,              ) CASE NO: BC426444
12          Plaintiff,                   ) [PROPOSED ORDER] ON PLAINTIFF'S
13  vs.                                  ) EX PARTE APPLICATION FOR AN
                                         ) ORDER TO SHOW CAUSE AND
14                                       ) ISSUANCE OF A TEMPORARY
15  BANK OF AMERICA CORPORATION, A      ) RESTRAINING ORDER
    Delaware Corporation; RECONTRUST    )
16  COMPANY, business entity unknown; and ) Date: November 24, 2009
    DOES 1 through 20,                  ) Time: 8:30 a.m.
17                                       ) Dept.: 85
18          Defendants.                  )
                                         ) [Cal. Civ. Code § 2923.5]
19                                       )
20                                       )
21                                       )
22                                       )
23  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
24       Good cause appearing in the Complaint, supporting declarations, and
25  supporting memorandum; and it appearing that this is a proper case for issuance of
26  an order to show cause and a temporary restraining order; and that, unless a
27  temporary restraining order issues, plaintiffs will suffer irreparable injury before
28

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 25 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
ANNETTE FAJARDO

[PROPOSED] ORDER ON EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUANCE OF A TEMPORARY RESTRAINING ORDER

EXHIBIT 1 – 73

1   the matter can be heard on notice, IT IS HEREBY ORDERED that:

2       1) Defendants appear on _____12/17_____, 2009, at __9:30__ a.m.,

3   in Department ___85___ of the above-entitled Court, to show cause why a

4   preliminary injunction should not be issued enjoining Defendants from selling or

5   attempting to sell, or causing to be sold, the trust property described in the

6   Complaint on file in this action at the Trustee Sale set for November 30, 2009 and

7   further violating California Civil Code §2923.5.

8       2) A copy of the Summons and Complaint, along with any supporting

9   declarations or memorandum, *and this order* be served on Defendants' personal agents, no later

10   than _____12/2_____, 2009.

11       3) A proof of service of the Summons and Complaint *and other papers* must be filed with

12   the court by _____12/4_____, 2009.

13       4) A copy of this order to show cause and temporary restraining order,

14   along with the ex parte application and any supporting declarations or

15   memorandum, be served, via facsimile, on Defendants' personal agents, no later

16   than _____, 2009.

17       5) A proof of service of the order to show cause and temporary restraining

18   order, along with the ex parte application and any supporting declarations or

19   memorandum, must be filed with the court by _____

20   2009.

21       6) Any opposition to the moving papers must be filed by __12/9__, 2009

22   and served by overnight mail or fax.

23       7) Any reply papers be filed by _____12/11_____, 2009 and served

24   by overnight mail.

25       8) The issue of the amount of undertaking will be determined at the

26   hearing re OSC.

27       9) Pending the hearing on the order to show cause, Defendants,, their

28

2

PROPOSED ORDER ON EX PARTE APPLICATION FOR AN ORDER TO SHOW CAUSE
AND ISSUANCE OF A TEMPORARY RESTRAINING ORDER

**EXHIBIT 1 – 74**

1  agents, officers, employees, partners, successors, and representatives; and all

2  person acting in concert or participating with them; and each of them are hereby

3  restrained and enjoined from selling, attempting to sell, or causing to be sold the

4  trust property described in the Complaint on file in this action at the Trustee Sale

5  set for November 30, 2009 and further violating California Civil Code §2923.5.

6  10)  Pending the hearing on the order to show cause, Defendants, BANK OF

7  AMERCIA CORPORATION, *a Delaware Corporation*; RECONTRUST

8  COMPANY, *business entity unknown*; and DOES 1 through 20, their agents,

9  officers, employees, partners, successors, and representatives; and all person acting

10  in concert or participating with them; and each of them are hereby restrained and

11  enjoined from selling, attempting to sell, or causing to be sold the trust property

12  located at 840 East 25th Street, Los Angeles, CA 90011 at the Trustee Sale set for

13  November 30, 2009.

14  Dated: November 25, 2009                    By: /s/      JAMES C. CHALFANT

15                                                   Honorable James C. Chalfant

16

17

18

19

20

21

22

23

24

25

26

27

28

3

EXHIBIT 1 - 75

**PROOF OF SERVICE BY UNITED STATES MAIL**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action.  My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

  On December 15, 2009, I served the following document(s) described as:

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**
**BASED ON DIVERSITY JURISDICTION**

on the persons below as follows:

Gene W. Choe, Esq.      ***Attorneys for Plaintiff, Mei Lee***
Law Offices of Gene W. Choe, P.C.    ***and Teena Kang***
3699 Wilshire Blvd., Suite 720
Los Angeles, California 90010
Tel: (213) 639-3888
Fax: (213) 383-8280

  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐ deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒ placed the envelope or package for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

  I am employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 15, 2009, at Los Angeles, California.

Angela K. Walter
Type Name           Signature

* **(SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)**

{LA055440;1}

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV09- 9197 GW (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**COPY**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| MEI LEE, an individual, TEENA KANG, an individual | BANK OF AMERICA, a Company, a Delaware Corporation; RECONTRUST COMPANY, N.A., business entity unknown |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Gene W. Choe, Esq. - Law Offices of Gene W. Choe<br>3699 Wilshire Boulevard, Suite 720<br>Los Angeles, CA 90010 - (213) 639-3888 | Donald M. Scotten, Esq; Robert M. Shaw, Esq. - Akerman Senterfitt, LLP<br>725 So. Figueroa Street, Suite 3800<br>Los Angeles, CA 90017<br>(213) 688-9500 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☑ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No          ☐ **MONEY DEMANDED IN COMPLAINT:** $ more than $75,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | |
| | ☑ 290 All Other Real Property | | | | |

**CV09-9197**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ReconTrust Company, N.A. - California | Bank of America Corporation - Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date December 15, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## PROOF OF SERVICE BY UNITED STATES MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California; I am over the age of 18 years and not a party to this action. My business address is 725 South Figueroa Street, 38th Floor, Los Angeles, CA 90017.

On December 15, 2009, I served the following document(s) described as:

### U.S.D.C. – CIVIL COVER SHEET

on the persons below as follows:

Gene W. Choe, Esq.
Law Offices of Gene W. Choe, P.C.
3699 Wilshire Blvd., Suite 720
Los Angeles, California 90010
Tel: (213) 639-3888
Fax: (213) 383-8280

***Attorneys for Plaintiff, Mei Lee and Teena Kang***

I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses as indicated above and:

☐ deposited the sealed envelope or package with the United States Postal Service, with the postage fully prepaid.*

☒ placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United State Postal Service, in a sealed envelope or package with postage fully prepaid.

I am employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on December 15, 2009, at Los Angeles, California.

Angela K. Walter
Type Name

_Signature_

* (SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)

{LA056062;1}