AKERMAN SENTERFITT LLP
DONALD M. SCOTTEN (CA SBN 190532)
Email: donald.scotten@akerman.com
ROBERT M. SHAW (CA SBN 243300)
Email: robert.shaw@akerman.com
FRANCES AZIZI (CA SBN 255132)
Email: frances.azizi@akerman.com
725 South Figueroa Street, 38th Floor
Los Angeles, California 90017-5433
Telephone: (213) 688-9500
Facsimile: (213) 627-6342

Attorneys for Defendants
BANK OF AMERICA CORPORATION, and
RECONTRUST COMPANY, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MEI LEE, *an individual*, TEENA KANG, *an individual,*<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORPORATION, *a Delaware Corporation*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 20,<br><br>Defendants. | Case No. CV09-9197 GW (AJWx)<br>Honorable George H. Wu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Fed. R. Civ. Proc. 12(b)(6)]<br><br>Date: January 21, 2010<br>Time: 8:30 a.m.<br>Courtroom: 10<br><br>Complaint Filed: November 20, 2009<br>Trial Date: None |

TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE** that on January 21, 2010, at 8:30 a.m. or as soon thereafter as may be heard, in Courtroom 10 of the above-entitled Court located at 312 North Spring Street, Los Angeles, California 90012, defendants Bank of America Corporation and ReconTrust Company, N.A. (**defendants**), will and hereby do move this Court to dismiss the complaint filed by plaintiffs Mei Lee and Teena Kang (**plaintiffs**), with prejudice.

This motion is made and based upon Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, and is based on the ground that plaintiffs fail to state a claim upon which relief may be granted and the complaint is barred as a matter of law against defendants.

This motion is based upon this notice, the attached memorandum of points and authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be presented at the time of the hearing.

Pursuant to Local Rule 7-3, counsel for defendants called plaintiffs' counsel on December 15, 2009 in order to properly discuss this motion and left a message. Plaintiffs' counsel did not return defendants' counsel's call.

Dated: December 22, 2009

**AKERMAN SENTERFITT LLP**
725 South Figueroa Street
38th Floor
Los Angeles, CA 90017

By: */s/ Robert M. Shaw*
Robert M. Shaw
Attorneys for Defendants
BANK OF AMERICA CORPORATION,
and RECONTRUST COMPANY, N.A.

1      **MEMORANDUM OF POINTS AND AUTHORITIES**

2      **I.    INTRODUCTION**

3      Plaintiffs Mei Lee and Teena Kang (**plaintiffs**) bring this lawsuit in an effort to avoid a foreclosure of their property, notwithstanding the fact they defaulted on their mortgage loan by failing to make timely payments as required.  As a threshold matter, however, plaintiffs cannot challenge the foreclosure because they have not fully tendered the indebtedness, as is required by California law.  Alternatively, plaintiffs' two causes of action have no basis in fact or law.  First, defendants fully satisfied the "due diligence" requirement of California *Civil Code* section 2923.5.  Furthermore, the declaration need not be made under the penalty of perjury.  Second, plaintiffs are not entitled to an accounting of their loan because there does not exist a fiduciary relationship between plaintiffs and defendants.  Therefore, defendants Bank of America Corporation and ReconTrust Company, N.A. (**defendants**), respectfully request this Court sustain this motion.

**II.    RELEVANT FACTS**

Plaintiffs allege to have purchased the property located at 840 East 25th Street, Los Angeles, California 90011.  (**Complaint** ¶ 1.)  Plaintiffs obtained a loan from America's Wholesale Lender for $308,000 on April 4, 2005, as evidence by the Deed of Trust.  (**Request for Judicial Notice**, "RJN" Ex. 1.)  As indicated by the "Multistate 1-4 Family Rider" included with the Deed of Trust, the subject property is a multi-unit investment property.  (*See id.*)  A notice of Default and Election to Sell Under Deed of Trust was recorded on July 16, 2009.  (Compl. Ex. A.)  Plaintiff then filed this lawsuit to prevent the foreclosure of the subject property on November 20, 2009.

**III.   LEGAL STANDARD**

"A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above

1  the speculative level." *Id*. at 1965. In considering a motion pursuant to *Fed. R. Civ. P.*
2  12(b)(6), a court need not accept as true unreasonable inferences or conclusory legal
3  allegations cast in the form of factual allegations. *See Sprewell v. Golden State*
4  *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Western Mining Council v. Watt*, 643
5  F.2d 618, 624 (9th Cir. 1981). In a recent decision, the Supreme Court reviewed the
6  standard for a pre-answer motion to dismiss. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937
7  (2009). It explained that a complaint must offer more than an "unadorned, the-
8  defendant-unlawfully-harmed-me accusation." *Id*. at 1949. This means that "naked
9  assertions devoid of further factual enhancement" no longer suffice to state a claim. *Id.*
10 at 1949 (internal quotation omitted). What is more, the facts actually pled must give
11 rise to a plausible claim for relief. *See Id*. at 1949. A formulaic recitation of the
12 elements, because of its conclusory nature, is disentitled to a presumption of truth. *See*
13 *Id*. at 1951.

14       In general, the court may not consider material other than the facts alleged in the
15 complaint when deciding a motion to dismiss. *See Anderson v. Angelone*, 86 F.3d 932,
16 934 (9th Cir. 1996). However, the court may consider extrinsic documents when "the
17 plaintiff's claim depends on the contents of a document, the defendant attaches the
18 document to its motion to dismiss, and the parties do not dispute the authenticity of the
19 document, even though the plaintiff does not explicitly allege the contents of that
20 document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).
21 This exception is designed to "[p]revent Plaintiff from surviving a Rule 12(b)(6)
22 motion by deliberately omitting references to documents upon which their claims are
23 based." *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998) (citation omitted).
24 Dismissal with prejudice is proper if "it is clear that the complaint could not be saved
25 by any amendment." *Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d
26 940, 946 (9th Cir. 2005).

27
28

## IV. ARGUMENT

For the reasons set forth below, plaintiffs' complaint as a whole, and each purported claim therein, fails to state a cause of action and is uncertain. Although plaintiffs' complaint should be dismissed because plaintiffs have not tendered the entire amount of the loan, each of plaintiffs' claims is addressed in the alternative.

### A. Plaintiffs Are Barred from Bringing All Claims Because They Have Failed to Tender the Amount Due on the Loan

As an initial matter, plaintiffs are procedurally barred from bringing this action because they have failed to tender the amount due on their mortgage loan before bringing this lawsuit, in contravention of California's tender rule.

If a defaulting borrower requests relief in equity, *i.e.*, setting aside or challenging a foreclosure proceeding, the borrower must first do equity himself by paying the entire loan amount prior to the sale. *See Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984); *Humboldt Sav. Bank v. McCleverty*, 161 Cal. 285, 290-91 (1911); *Williams v. Koenig*, 219 Cal. 656, 660 (1934); *see also U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.*, 165 Cal.App.3d 1214, 1222 (1985) (cited authority omitted); 4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 at 507-08. The "tender rule" applies not only to the plaintiffs' request to set aside a foreclosure, but also to any causes of action that derive from the wrongful foreclosure allegations or seek redress from foreclosure. *Arnolds*, 158 Cal.App.3d at 578-80. Any cause of action implicitly integrated with allegations of an irregular sale thus fails unless the trustor can allege and establish a valid tender. *Id.* at 579. "Without an allegation of such tender in the complaint that attacks the validity of the sale, the complaint does not state a cause of action." Miller & Starr, Cal. Real Estate (3d ed. 2000) § 10:212 at 653-54.

Plaintiffs do not allege to have paid the full amount due on the loan. Given that plaintiffs have not tendered, they lack standing to bring all of their claims and the complaint fails as a matter of law.

### B.  ReconTrust Company, N.A. Is Improperly Named In This Action

ReconTrust Company, N.A. (**ReconTrust**), as a mere trustee to the plaintiffs' loan, is improperly named as a defendant in this action. Plaintiffs are unable to state a cause of action against ReconTrust for the simple reason that ReconTrust's involvement in the facts underlying this suit are confined to that of trustee in the foreclosure sale. ReconTrust is, therefore, merely a nominal party. *See, e.g.*, *Saxe, Bacon & Bolan, P.C. v. Martindal-Hubbell*, 521 F.Supp. 1046, 1048 (S.D.N.Y. 1981) ("A party to an action is a nominal . . . party if no cause of action or claim for relief is or could be stated against him . . . ."); *see also Workman v. Nat'l Supaflu Sys., Inc.*, 676 F.Supp. 690, 693 (D.S.C. 1987) (equating a nominal defendant with a fraudulently joined one); *Raphael v. 18 Rest., Inc.*, 954 F.Supp. 549, 551 (E.D.N.Y. 1996) (same).

Plaintiffs' failure to satisfy the tender rule means they have failed to state a cause of action against ReconTrust as a threshold matter. *See, e.g.*, *Lopez v. Chase Home Fin., LLC*, No. 09-440, 2009 WL 1120318, at **3–4 (E.D. Cal. April 24, 2009) (holding that by failing to satisfy the tender rule, plaintiff failed to state a cause of action against a substitute trustee). All of plaintiffs' allegations against ReconTrust are based upon wrongful foreclosure, namely the alleged violation of California *Civil Code* §§ 2923.5 and 1632. As noted in section A above, plaintiffs have made no effort to remedy their failure to satisfy the tender rule. Therefore, plaintiffs lack standing to attack the foreclosure sale.

Even setting the tender rule aside, plaintiffs' complaint fails to state even one viable cause of action against ReconTrust. For example, plaintiffs identify no facts that would allow them to recover under section 2923.5 against ReconTrust. Instead, all of their allegations are directed at BAC Home Loans Servicing, LP, the servicer of their loan.[1] Plaintiffs allege defendants violated section 2923.5 in essentially two

---

[1] As a threshold matter, it is important to properly identify the defendants named in plaintiffs' complaint. "[W]hether a defendant is properly in a case is not resolved by merely reading the caption of a complaint." *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (9th Cir. 1983). "Rather, a party may be properly in a case if the allegations in the body of the complaint make it plain that the party is intended as a defendant." *Id.*; *see also id.* (holding that although

{LA056268;2}                    4        **DEFENDANTS' MOTION TO DISMISS**
                                          **CASE NO. CV09-9197 GW (AJWx)**

1  ways: (1) defendants failed to contact plaintiffs in violation of subsection (a)(1)(2); and
2  (2) defendants failed to exercise due diligence to contact plaintiffs in violation of
3  subsections (b) and (g). (Compl. ¶¶ 9-10.) However, none of these allegations would
4  make any sense if asserted against ReconTrust. As a mere trustee, ReconTrust had no
5  duty to "contact," or attempt to contact, plaintiffs. The manifest purpose of section
6  2923.5's contact or due diligence requirements is to help borrowers avoid foreclosure.
7  *See, e.g.*, *Civ. Code* § 2923.5(a)(2) (requiring a mortgagee, beneficiary, or authorized
8  agent—but not a trustee—to contact the borrower in person or by telephone "to assess
9  the borrower's financial situation and explore options for the borrower to avoid
10 foreclosure."); *Id*. § 2923.5(g). The statutory language places any such duty squarely
11 upon mortgagees and mortgage servicers, not upon trustees. *Compare Civil Code*
12 § 2923.5 (a)(1) (applying to "[a] mortgagee, *trustee*, beneficiary, or authorized agent"
13 (emphasis added)), *with id.* § 2923.5(a)(2) (applying only to "[a] mortgagee,
14 beneficiary, or authorized agent"), *and id*. § 2923.6 (issuing legislative findings as to
15 "servicers").

16 And as a mere agent, *see Pro Value Properties, Inc. v. Quality Loan Service
17 Corp.*, 170 Cal.App.4th 579, 583 (2009) ("The trustee in nonjudicial foreclosure is . . .
18 a common agent for the trustor and beneficiary."), ReconTrust cannot be held liable for
19 any duties section 2923.5 imposes upon its principle, BAC Home Loans Servicing, LP.
20 *See, e.g.*, *Thornburg v. Super. Ct*., 138 Cal.App.4th 43, 52 (2006) ("[A]gents . . . are
21 not liable for statutory duties imposed on their principles."). ReconTrust has no real
22 interest or stake in the outcome of this suit and its acts as trustee were purely
23 ministerial. Plaintiffs should therefore be precluded from recovering anything against
24 ReconTrust for those acts.

---

26 not named in the caption, Secretary of the Navy was the proper defendant, not the party defendant actually named in the complaint, because the complaint's body made clear that plaintiff intended to name the Secretary as the defendant).
27 Therefore, for these reasons and reasons articulated in defendants' notice of removal, the body of plaintiffs' complaint makes plain they intended to name BAC Home Loans Servicing, LP, as the defendant.

### C. Each of Plaintiffs' Causes of Action Fail Independently

Beyond plaintiffs' failure to tender, plaintiffs' causes of action fail independently. Each claim is discussed in turn below.

#### 1. Section 2923.5 Does Not Apply to Investment Properties

Aside from being barred by the tender rule, plaintiffs' first cause of action fails as a matter of law. The requirements imposed by California *Civil Code* § 2923.5 are only applicable to loans "made from January 1, 2003, to December 31, 2007, inclusive, that are secured by residential real property and are for owner-occupied residences." *Civ. Code* § 2923.5(i). Property which is classified for investment purposes, such as plaintiffs', are not considered "owner-occupied," under the statute because the subject property is not the principal residence of the borrower. *See Id.* As the "Multistate 1-4 Family Rider" included with the deed of trust indicates, the subject property is an investment property. (*See* RJN Ex. 1.) Defendants are thus exempt from the requirements imposed by 2923.5.

#### 2. Defendants Exercised Due Diligence Under Section 2923.5

Even if the subject property is considered an owner-occupied residence, and within the purview of section 2923.5, the first cause of action fails as a matter of law. Section 2923.5 prohibits a mortgagee from filing a notice of default, the first step in filing a non-judicial sale, *see Civ. Code* § 2924(a)(1), until the mortgagee has either made "contact" with the borrower, or exercised "due diligence" in attempting to contact the borrower. *Id.* § 2923.5(a)(1). However, section 2923.5 does not require defendants to affirmatively make contact with plaintiffs. Section 2923.5 prevents mortgagees from filing notices of default until the mortgagees have *either* made "contact" with the borrower as defined by subsection (a)(2), *or* exercised "due diligence" in attempting to contact the borrower as defined by subsection (g). *Id.* § 2923.5(a)(1).

Defendants conducted "due diligence" in attempting to contact plaintiffs. On July 3, 2009, a representative of BAC Home Loans signed a declaration, certifying it

tried with "due diligence" to contact the borrower in accordance with the statutory requirements but was unable to do so. In fact, plaintiffs attach this declaration to their complaint. (Compl. Ex. A.) As required by the statute, this declaration was recorded with the Notice of Default and Election To Sell Under Deed of Trust. *See Civ. Code* § 2923.5 (b). Defendants, therefore, properly complied with the foreclosure statute as evidenced by the declaration.

### 3. A Declaration Under Section 2923.5 Need Not Be Made Under the Penalty of Perjury

Plaintiffs also formally challenge the sufficiency of the declaration of due diligence in the Notice of Default. (Compl. ¶ 11.) Plaintiffs claim the declaration must be made under the penalty of perjury, although the plain text of California *Civil Code* § 2923.5 has no such requirement. Plaintiffs cite *Code of Civil Procedure* § 2015.5, which reads, in pertinent part:

> Whenever, under any law of this state or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved **by the sworn statement, declaration, verification, certificate, oath, or affidavit**, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may with like force and effect be supported, evidenced, established or proved by the unsworn statement, declaration, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution[.]

(E*mphasis added*)

The Legislature and court rules often designate matters as requiring them to be sworn or verified. *E.g., Civil Code* § 2941.7 ("the declaration provided for in this

1  section shall be signed by the mortgagor or trustor under penalty of perjury"); *Code*
2  *Civ. Proc.* § 761.020 (complaint alleging quiet title must be verified). However, a
3  plain reading of section 2015.5 does not impose a requirement the declaration be
4  sworn. It only provides a mechanism to comply with another statute's requirement that
5  a matter be "sworn." Therefore, plaintiffs' assertion the Notice of Default was
6  improperly recorded is without any basis of law.

### 4.   A Cause of Action for Declaratory Relief Does Not Exist

8  Furthermore, plaintiffs are not entitled to the declaratory relief they ask for in the
9  first cause of action. Although plaintiffs assert "[t]he scheduled sale is wrongful and
10 should be enjoined by virtue of the facts alleged above," (Compl. ¶ 16.), declaratory
11 relief, which is equitable in nature, is barred by virtue of plaintiffs' failure to satisfy the
12 tender rule. Furthermore, declaratory relief is not an independent claim, but a form of
13 relief. *See, e.g.*, *City of Hollister v. Monterey Ins. Co.*, 165 Cal.App. 4th 455, 480
14 (2008) ("Proceedings for declaratory relief generally sound in equity.") It is
15 appropriate to dismiss a claim for declaratory relief as a cause of action in favor
16 of construing it as a requested remedy. *Cf. Cox Comm'ns L.P. v. City of San*
17 *Marcos*, 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002) (dismissing claim for "injunctive
18 relief" because such a claim is not itself a cause of action). Thus, plaintiffs have no
19 claim and no remedy under section 2923.5.

### 5.   Plaintiffs Are Not Entitled to Any Relief Under Section 1632

21 Plaintiffs assert they are entitled to declaratory relief based on defendants'
22 alleged violation of California *Civil Code* section 1632, specifically defendants
23 "fail[ed] to provide Plaintiffs with a translated version of the TILA and RESPA
24 disclosures in Plaintiffs' language..." (Compl. ¶ 12.) This cause of action fails as
25 against defendants.
26 Under section 1632(b) "[a]ny person engaged in a trade or business who
27 negotiates primarily in . . . Korean, orally or in writing, . . . shall deliver to the other
28 party to the contract or agreement and prior to the execution thereof, a translation of the

1  contract or agreement in the language in which the contract or agreement was
2  negotiated, which includes a translation of every term and condition in that contract or
3  agreement[.]" This requirement applies only to a few enumerated transactions, and
4  does not apply to a loan or extension of credit secured by real property. *See id*. § 1632
5  (b)(2). The only exceptions to this rule are if the loan or extension of credit is made
6  subject to the provisions of *California Business & Professions Code* § 10240, or
7  California *Finance Code* Divisions 7 (commencing with Section 18000), or 9
8  (commencing with section 22000). *Id*. § 1632(b)(4).

9        Loans or extensions of credit made under Section 10240 of the *Business &
10  Professions Code* are those negotiated by real estate brokers. *See id*. Loans or
11  extensions of credit made under Division 7 of the *Finance Code* are those made by an
12  "industrial loan company," *see* Cal. *Finance Code* § 18003 (citing *id*. § 18560), which
13  is a loan company incorporated under Division 7 of the *Finance Code. See id*. § 18560.
14  Loans or extensions of credit made under Division 9 of the *Finance Code* are those
15  made by those "finance lenders," *id*. § 22009, required to be licensed under Division 9,
16  *see id*. § 22007 ("licensee"). But that definition does not include residential mortgage
17  lenders or servicers, such as defendants. *Id*. at § 22060. As such, plaintiffs have failed
18  to plead sufficient facts to indicate the statute even applies to defendants.

19        Yet, even if section 1632 were to apply to defendants, the statute does not
20  require providing translated copies of the RESPA and TILA disclosures to plaintiffs.
21  The statute requires only the translation of the contract or loan agreement itself. *See
22  Cal. Civ. Code* § 1632(b). TILA and RESPA disclosures are not part of plaintiffs'
23  contract or loan agreement.

24        **6.  Plaintiffs Are Not Entitled to an Accounting**

25        Plaintiffs are not entitled to seek an accounting of their loan. To obtain an
26  accounting, a plaintiff must allege: (1) a fiduciary relationship or other circumstances
27  appropriate to the remedy; (2) a balance due from the defendant to the plaintiff that can
28  only be ascertained by an accounting; and (3) misconduct. *See Kritzer v. Lancaster*, 96

Cal.App.2d 1, 6 (1950).  Plaintiffs, however, plead no facts to support any claim that there is or was a fiduciary relationship between them and defendants.  As a matter of law, plaintiffs cannot plead fiduciary relationship because lenders have no fiduciary obligation to borrowers.  *Gutierrez v. Wells Fargo Bank*, No. C 08-5586 SI, 2009 WL 322915, at *5 (N.D.Cal. Feb. 9, 2009) (*citing Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal.App.3d 1089 n.1 (1991).  Moreover, because none of plaintiffs' other claims against defendants have merit, they are unable to show any misconduct on defendants' part that would justify an accounting.  Plaintiffs' claim for an accounting, therefore, fails.

## V.   CONCLUSION

Plaintiffs' two causes of action have no basis in law or fact.  As a threshold matter, plaintiffs have failed to tender to the entire amount of their mortgage loan, thereby extinguishing any claims they may have in attacking the foreclosure process.  Plaintiffs' first cause of action fails because defendants satisfied all the requirements of California *Civil Code* sections 2923.5 and 1632.  Plaintiffs' second cause of action also fails because there does not exist a fiduciary relationship between plaintiffs and defendants. Therefore, defendants respectfully request the instant motion to dismiss be GRANTED and the complaint be dismissed with prejudice.

Dated: December 22, 2009

**AKERMAN SENTERFITT LLP**
725 South Figueroa Street
38th Floor
Los Angeles, CA  90017

By:  */s/ Robert M. Shaw*
       Robert M. Shaw
Attorneys for Defendants
BANK OF AMERICA CORPORATION,
and RECONTRUST COMPANY, N.A

# **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| **I.** | INTRODUCTION | 1 |
| **II.** | RELEVANT FACTS | 1 |
| **III.** | LEGAL STANDARD | 1 |
| **IV.** | ARGUMENT | 3 |
| | **A.** Plaintiffs Are Barred from Bringing All Claims Because They Have Failed to Tender the Amount Due on the Loan | 3 |
| | **B.** ReconTrust Company, N.A. Is Improperly Named In This Action | 4 |
| | **C.** Each of Plaintiffs' Causes of Action Fail Independently | 6 |
| |     **1.** Section 2923.5 Does Not Apply to Investment Properties | 6 |
| |     **2.** Defendants Exercised Due Diligence Under Section 2923.5 | 6 |
| |     **3.** A Declaration Under Section 2923.5 Need Not Be Made Under the Penalty of Perjury | 7 |
| |     **4.** A Cause of Action for Declaratory Relief Does Not Exist | 8 |
| |     **5.** Plaintiffs Are Not Entitled to Any Relief Under Section 1632 | 8 |
| |     **6.** Plaintiffs Are Not Entitled to an Accounting | 9 |
| **V.** | CONCLUSION | 10 |

# TABLE OF AUTHORITIES

Page

**Cases**

*Anderson v. Angelone*
  86 F.3d 932 (9th Cir. 1996)..................................................................................................2

*Arnolds Mgmt. Corp. v. Eischen*
  158 Cal. App. 3d 575 (1984)...............................................................................................3

*Ashcroft v. Iqbal*
  129 S.Ct. 1937 (2009) .........................................................................................................2

*Bell Atlantic v. Twombly*
  550 U.S. 544, 127 S. Ct. 1955 (2007)..................................................................................1

*Cf. Cox Comm'ns L.P. v. City of San Marcos*
  204 F.Supp.2d 1272 (S.D. Cal. 2002)..................................................................................8

*City of Hollister v. Monterey Ins. Co.*
  165 Cal.App. 4th 455 (2008) ...............................................................................................8

*Gutierrez v. Wells Fargo Bank*
  No. C 08-5586 SI, 2009 WL 322915 (N.D.Cal. Feb. 9, 2009)..........................................10

*Humboldt Sav. Bank v. McCleverty*
  161 Cal. 285 (1911).............................................................................................................3

*Knievel v. ESPN*
  393 F.3d 1068 (9th Cir. 2005).............................................................................................2

*Kritzer v. Lancaster*
  96 Cal.App.2d 1 (1950).....................................................................................................10

*Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*
  416 F.3d 940  (9th Cir. 2005).............................................................................................2

*Lopez v. Chase Home Fin., LLC*
  No. 09-440, 2009 WL 1120318 (E.D. Cal. April 24, 2009) ...............................................4

*Nymark v. Heart Fed. Sav. & Loan Ass'n*
  283 Cal.App.3d 1089 (1991).............................................................................................10

*Parrino v. FHP, Inc.*
  146 F.3d 699 (9th Cir. 1998)...............................................................................................2

*Pro Value Properties, Inc. v. Quality Loan Service Corp.*
  170 Cal.App.4th 579 (2009) ...............................................................................................5

*Raphael v. 18 Rest., Inc.*
  954 F.Supp. 549 (E.D.N.Y. 1996) ......................................................................................4

# **TABLE OF AUTHORITIES**

**Page**

*Rice v. Hamilton Air Force Base Commissary*
  720 F.2d 1082 (9th Cir. 1983)...................................................................................4

*Saxe, Bacon & Bolan, P.C. v. Martindal-Hubbell*
  521 F.Supp. 1046 (S.D.N.Y. 1981).........................................................................4

*Sprewell v. Golden State Warriors*
  266 F.3d 979 (9th Cir. 2001)....................................................................................2

*Thornburg v. Super. Ct.*
  138 Cal.App.4th 43 (2006) ......................................................................................5

*U.S. Cold Storage California v. Great W. Sav. & Loan Assoc.*
  165 Cal. App. 3d 1214 (1985)..................................................................................3

*Western Mining Council v. Watt*
  643 F.2d 618 (9th Cir. 1981)....................................................................................2

*Williams v. Koenig*
  219 Cal. 656 (1934)..................................................................................................3

*Workman v. Nat'l Supaflu Sys., Inc.*
  676 F.Supp. 690 (D.S.C. 1987)................................................................................4

**Statutes**

*Business & Professions Code* § 10240 ........................................................................9

*Civil Code* § 1632 ............................................................................................. 4, 8, 9, 10

*Civil Code* § 2923.5 ........................................................................... 1, 4, 5, 6, 7, 8, 10

*Civil Code* § 2924 ..........................................................................................................6

*Civil Code* § 2941.7 .......................................................................................................7

*Code of Civil Procedure* § 761.020 ..............................................................................8

*Finance Code* § 18003 ...................................................................................................9

*Finance Code* § 22009 ...................................................................................................9

**Other Authorities**

4 Miller & Starr, Cal. Real Estate (2d ed. 1989) § 9:154 .............................................3

Miller & Starr, Cal. Real Estate (3d ed. 2000) § 10:212 ..............................................3

**Rules**

Federal Rules of Civil Procedure 12(b)(6) ....................................................................2