Gene W. Choe, Esq. (SBN 187704)
Email: gwc@choicelaw.org
Ilhwan Park, Esq. (SBN 250220)
Email: justin@choicelaw.org
LAW OFFICES OF GENE W. CHOE, P.C.
3699 Wilshire Boulevard, Suite 720
Los Angeles, California 90010
Telephone 213-639-3888
Facsimile 213-383-8280

Attorneys for Plaintiffs, MEI LEE and TEENA KANG

## UNITED STATES DISTRICTE COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MEI LEE, *an individual*, TEENA KANG, *an individual*,<br><br>              Plaintiffs,<br><br>              vs.<br><br>BANK OF AMERICA CORPORATION, *a Delaware Corporation*; RECONTRUST COMPANY, N.A., *business entity unknown*; and DOES 1 through 20.<br><br><br>              Defendants. | CASE NO: CV09-9197 GW (AJWx)<br>Honorable George H. Wu<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT: MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 21, 2010<br>Time: 8:30 a.m.<br>Courtroom: 10<br><br>Complaint Filed: November 20, 2009<br>Trial Date: None |

## I.    INTRODUCTION

The Notice of Default was recorded on July 16, 2009. The Notice of Trustee Sale was recorded on October 30, 2009 and the Trustee Sale is scheduled for

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

November 30, 2009. The Trustee Sale scheduled for **November 30, 2009** must be enjoined because Defendants failed to meet the requirements set forth in California Civil Code §2923.5 prior to recording the Notice of Default on July 16, 2009. Specifically, Defendants failed to conduct the requisite due diligence in contacting Plaintiffs to assess their financial situation and explore options to avoid foreclosure; failed to file a proper declaration pursuant California Civil Code §2015.5 and failed to deliver a translation of the agreements in the Korean language prior to the execution of the loan documents by Plaintiff pursuant to California Civil Code §1632.

Defendants' failure to abide by California Civil Code §2923.5 renders the Notice of Default and Notice of Trustee Sale invalid. A Trustee Sale cannot take place without a valid Notice of Default and Notice of Trustee Sale. As such, equity implores that Defendants are enjoined from auctioning, selling, causing to be sold, transferring ownership or further encumbering the Subject Property to save Plaintiff from suffering irreparable harm.

## II.    RELEVANT FACTS

Plaintiff, MEI LEE, obtained a loan from Defendant, BANK OF AMERICA, in the amount of approximately $308,800.00 to purchase real property located at 840 East 25th Street, Los Angeles, CA 90011.

On or about July 2005, Plaintiff, Mei Lee, began suffering financial hardship as a result of her separation from her husband. In seeking to rectify her situation she quitclaimed her interest in the Subject Property to both herself and Plaintiff, Teena

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1  Kang.  During this time, Teena Kang's mother, Joy Kang, moved onto the property

2  with Mei Lee. At this point, Joy Kang's business began to take a drastic downturn and

3  she began to suffer extreme financial hardship. Due to this, Mei Lee sought out the

4  help of Teena Kang and proceeded to quitclaim all of her interest in the property solely

5  to Teena Kang.  However, the financial situation worsened and Teena Kang moved

6

7  onto the property to try and help out financially.

8

9        As a result, the last payment Plaintiffs were able to afford was in January 2009.

10  Following this, Plaintiffs received several "Past Due" statements from the bank.

11  However, none of these communications were directed towards the bank, or the bank's

12  representatives, attempting to evaluate Plaintiffs financial situation or working with

13

14  Plaintiffs to find an alternative to foreclosure.  On their own initiative, Plaintiffs

15  contacted Defendants in an attempt to work out an alternative.  The bank agreed to

16  lower their monthly payments by only a very small fraction which did not help their

17

18  situation at all. Concerned with the impending loss of the property, Plaintiffs retained

19  an attorney to assist them in this process.

20

21        During this period of time, Defendant has already recorded a Notice of Default

22  and a trustee's sale date has been scheduled for November 30, 2009.

23

24  ### III.    __FEDERAL COURT DOES NOT HAVE JURISDICTION__

25  **A. Diversity Jurisdiction is Not Met**

26        Diversity Jurisdiction requires all Plaintiffs being of different state citizenry than

27  any Defendant, as well as the amount in controversy being in excess of $75,000.00 (28

28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CASE NO. CV09-9197 GW (AJWx)

U.S.C. §1332).  Plaintiffs, TEENA KANG and MEI LEE, and Defendants BANK OF AMERICA and RECONTRUST COMPANY, N.A., are all California citizens.

Generally, the presence of the non-diverse party automatically destroys original subject matter jurisdiction.  See, *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998).  Accordingly, this Court cannot exercise jurisdiction over this dispute, as all Plaintiffs and Defendants are both citizens of California (28 U.S.C. § 1332(a)(1)).

In *Grace Kang vs. ReconTrust Company, N.A., et al* (Case No. CV09-8890 SVW(RCx)), a case with identical facts and issues involving the same Defendant as the instant case, Honorable Stephen V. Wilson issued an Order Remanding Case to Los Angeles Superior Court due to a lack of jurisdiction.  The court ruled that "the Court cannot exercise jurisdiction over this dispute, as Plaintiff and ReconTrust are both citizens of California."  (A true and accurate copy of the order issued by the California Central District Court is attached as Exhibit "A")

For the foregoing reasons, the Court must order that the action be REMANDED to state court pursuant to 28 U.S.C. §1447(c).

## B. Subject Matter Jurisdiction is Lacking

Every state possesses exclusive jurisdiction and sovereignty over property within its territory.  As a consequence, every state has the power to regulate the manner and conditions upon which property situated within such territory may be acquired and transferred, see *Pennoyer v. Neff*, 95 U.S. 714, 722, 5 Otto 714, 24 L.Ed. 565 (1877).

This case involves the non-judicial foreclosure of real property (2930 Briarhaven Lane, Corona, California 92882), pursuant to California law (Cal. Civil Code, §§2920, et seq.). Property cannot be subject to two jurisdictions at the same time. Therefore, where the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction. See, *Kline v. Burke Const. Co.*, 260 U.S. 226, 229, 43 S.Ct. 79, 81 (1922).

The subject property is situated in California and subject to California jurisdiction. In fact, this lawsuit was commenced in State court, who asserted jurisdiction first. As the property is exclusively the jurisdiction of the State of California, the Federal Court lacks subject matter jurisdiction, see *Pennoyer, supra* and *Kline, supra*. This is not merely a discretionary abstention, but a mandatory jurisdictional limitation, see, *State Engineer of State of Nevada v. South Fork Band of Te-Moak Tribe*, 339 F.3d 804, 809-810 (2003).

## C. Defendants Cannot Avail Themselves of Federal Jurisdiction

Defendants have wrongfully removed this matter to federal court. They have commenced non-judicial foreclosure proceedings pursuant to Cal. Civil Code, §§2920, et seq., but have failed to abide by its requirements. When challenged (Plaintiff's Complaint), they jump to federal court to avoid state jurisdiction. Defendants have engaged in "Forum Shopping" which cannot and should not be condoned. Furthermore, this is wholly a state matter, as this concerns foreclosure of real property in California,

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1  for which there are no federal statues, rules or regulations.

## IV.  **ARGUMENT**

Plaintiffs have stated meritorious causes of actions, with sufficient facts and should not be dismissed.

### A.    **Plaintiffs Have Met the Tender Requirements**

Defendant claims that Plaintiffs have failed to tender payment of the indebtedness, which is a prerequisite of challenging a foreclosure sale.  This is false.  Defendant's arguments and case law do not apply to the facts here.

Defendant argues that Plaintiffs must first tender the indebtedness before challenging the pending sale.  This argument is not supported by law.  The cases cited by Defendant are for the undoing of a foreclosure sale that was already held. *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984).  Here, Plaintiffs are challenging the propriety of the NOD itself, and seeking declaratory relief that the non-judicial procedures have not been complied with **BEFORE** the foreclosure sale.  There is no requirement that tender is required to challenge the sale before it happens.  Plaintiffs' claim is that Defendants failed to comply with the law (Civil Code, §2923.5), rendering the NOD defective and void.  The evidence (the NOD itself) is incorporated into the complaint and shows on its face that the law was not complied with.  Sufficient facts have been alleged, and the demurrer must be overruled.

### B.    **ReconTrust Company, N.S. Is Properly Named In this Action**

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90000

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants make a false allegation that Plaintiffs' complaint fails to state even one viable cause of action against ReconTrust.  It is undoubtedly clear that Defendant has failed to conduct a proper reading of the complaint.

Cal. Civil Code, §2923.5 extends statutory duties to mortgagees, beneficiaries, and their ***authorized agents***.  ReconTrust is considered an authorized agent for purposes of Cal. Civil Code, §2923.5.  For this very reason, Plaintiff's Complaint alleges facts regarding the conduct of "Defendants," including RECONTRUST COMPANY, N.A.)  According to the Complaint, Defendants (including RECONTRUST COMPANY, N.A.) failed to provide proper notice of default under Cal. Civil Code, §2923.5(a)(1)(2), failed to conduct proper due diligence per Cal. Civil Code, §2923.5(b) and §2923.5(g), and failed to provide translated documents per Cal. Civil Code, §1632.  According to Plaintiff's Complaint, ReconTrust is one of the "Defendants" who violated Plaintiff's statutory rights.

In Grace Kang vs. ReconTrust Company, N.A., et al (Case No. CV09-8890 SVW(RCx)), a case with identical facts and issues involving the same Defendant as the instant case, Honorable Stephen V. Wilson issued an Order Remanding Case to Los Angeles Superior Court due to a lack of jurisdiction.  The court ruled that "the Court cannot exercise jurisdiction over this dispute, as Plaintiff and ReconTrust are both citizens of California."

As such, Defendants' allegation that ReconTrust, N.A. was improperly named in this action is baseless.

7

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90000

**C.    Section 2923.5 Applies if Plaintiff Resides In the Property**

California Civil Code §2923.5(i) states as the following:

This section shall apply only to loans made from January 1, 2003, to December 31, 2007, inclusively, that are secured by residential real property and are for owner-occupied residences.  For the purposes of this subdivision, "owner-occupied" means that the residence is the principal residence of the borrower.

Defendants are misleading the court in alleging that, §2923.5 cannot be applied to the instant case because cannot be considered as an "owner-occupied."  Plaintiff's only basis for this allegation is that the property is not the principal residence of the borrower.  To support this allegation, Defendants solely rely on the deed of trust which includes "Multistate 1-4 Family rider."

Nothing, however, could be further from the truth.  Plaintiff Mei Lee's declaration submitted with the Superior Court of California clearly stated that the Property is her primary residence and continues to live in the Property.  As stated in California Civil Code §2923.5(i), "owner-occupied" is established if the residence is the principal residence of the borrower, who in this case is Plaintiff Mei Lee.  Although it is true that this is a 4-unit property, it is still a residential property.  As such, California Civil Code §2923.5 applies to this instant case.

**D.    Plaintiff's Causes of Action Are Meritorious**

**a.    Defendants Violated Section §2923.5**

§2923.5.  (a) (1) A mortgagee, trustee, beneficiary, or authorized agent **may not file** a notice of default pursuant to Section 2924 until 30 days **after contact is made as required by paragraph (2)** or **30 days after satisfying the due diligence requirements as described in subdivision (g).** (*Emphasis added.*)

8

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

**(2) A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or authorized agent shall advise the borrower that he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days. The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency. Any meeting may occur telephonically**. (*Emphasis added.*)

(b) A notice of default filed pursuant to Section 2924 shall include a declaration from the mortgagee, beneficiary, or authorized agent that it has contacted the borrower, tried with due diligence to contact the borrower as required by this section, or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or authorized agent.

(d) A mortgagee's, beneficiary's, or authorized agent's loss mitigation personnel may participate by telephone during any contact required by this section.

(e) For purposes of this section, a "borrower" shall include a mortgagor or trustor.

(f) A borrower may designate a HUD-certified housing counseling agency, attorney, or other advisor to discuss with the mortgagee, beneficiary, or authorized agent, on the borrower's behalf, options for the borrower to avoid foreclosure. That contact made at the direction of the borrower shall satisfy the contact requirements of paragraph (2) of subdivision (a). Any loan modification or workout plan offered at the meeting by the mortgagee, beneficiary, or authorized agent is subject to approval by the borrower.

**(g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) provided that the failure to contact the borrower occurred despite the due diligence of the mortgagee, beneficiary, or authorized agent. For purposes of this section, "due diligence" shall require and mean all of the following:**

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days.  Telephone calls shall be made to the primary telephone number on file.

(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.

(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

(5) The mortgagee, beneficiary, or authorized agent has posted a prominent link on the homepage of its Internet Web site, if any, to the following information:

(A) Options that may be available to borrowers who are unable to afford their mortgage payments and who wish to avoid foreclosure, and instructions to borrowers advising them on steps to take to explore those options.

(B) A list of financial documents borrowers should collect and be prepared to present to the mortgagee, beneficiary, or authorized agent when discussing options for avoiding foreclosure.

(C) A toll-free telephone number for borrowers who wish to discuss options for avoiding foreclosure with their mortgagee, beneficiary, or authorized agent.

(D) The toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CASE NO. CV09-9197 GW (AJWx)

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

> (i) This section shall apply only to loans made from January 1, 2003, to December 31, 2007, inclusive, that are secured by residential real property and are for owner-occupied residences. For purposes of this subdivision, "owner-occupied" means that the residence is the principal residence of the borrower.

> (j) This section shall remain in effect only until January 1, 2013, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2013, deletes or extends that date.

The tragic trend of the current economic climate is an alarmingly high rate of foreclosure sales across the country. This trend has given rise to SB 1137 which added §2923.5 to the California <u>Civil Code.</u>  As presented above, California <u>Civil Code</u> §2923.5 sets forth very specific requirements that lenders must follow prior to filing a Notice of Default for loans made from January 1, 2003, to December 31, 2007. The bill became operative on July 8, 2008. The spirit of the bill is to promote work-outs between the borrower and the lender in lieu of foreclosure. Defendants failed to abide by the requirements set forth in California <u>Civil Code</u> §2923.5 as will be explained <u>infra</u>.

In the present case, California <u>Civil Code</u> §2923.5 applies as the loan was made on or around April 2005. In or around June 2006, Plaintiff's income decreased dramatically because of the economic downturn.  As such, Plaintiffs were no longer able to make their monthly mortgage payments.

The Notice of Default was recorded on July 16, 2009. The Trustee Sale is scheduled for **November 30, 2009.**

Defendants only attempt to abide by California <u>Civil Code</u>  §2923.5 is to provide

11

an ambiguous, contradictory and blanket "due diligence" statement which completely

fails to satisfy the superficial requirements of California <u>Civil Code</u> §2923.5(b) and

(g)(1)(2)(A)(B)(C)(3)(4)(5), as well as failing to satisfy the legislative intent behind

§2923.5. The statement reads as follows:

> "I, Lorraine (Smag), of BAC Home Loans Servicing, LP, declare under penalty of perjury, under the laws of the State of California, that the following is true and correct: BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5,"

California <u>Civil Code</u> §2923.5(b) requires every notice of default "shall include a

declaration from the mortgagee, beneficiary, or authorized agent that it has contacted

the borrower, tried with due diligence to contact the borrower as required by this section

or the borrower has surrendered the property to the mortgagee, trustee, beneficiary, or

authorized agent." As can be seen, Defendant's Notice of Default declaration is,

essentially, a cut and paste of the Code provision and fails to show any compliance with

the specific contact requirements. Even, superficially, the statement provided by

Defendants is insufficient under California <u>Code of Civil Procedure</u> §2015.5 as it is

unclear as to who is making the declaration, and is clearly vague and ambiguous as to

what specific contact was made by defendants as required. Additionally, the declaration

is not made by an individual with personal knowledge, as required by California

<u>Evidence Code</u> §702. Therefore, no valid declaration, pursuant to California <u>Code of

Civil Procedure</u> §2015.5, has been made and the Notice of Default, on its face, violates

the declaration requirement of California <u>Civil Code</u> §2923.5.

CHOE, JACKSON & WEITZ<br>LAW OFFICES OF GENE W. CHOE, APC<br>3699 WILSHIRE BOULEVARD SUITE 720<br>LOS ANGELES, CALIFORNIA 90010

Further, the statement entirely fails the spirit of California <u>Civil Code</u> §2923.5. In enacting §2923.5, California Legislature noted "it is essential to the economic health of California for the state to ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by **modifying the foreclosure process** to **require** mortgagees, beneficiaries, or authorized agents to **contact borrowers** and **explore options** that could avoid foreclosure." (emphasis added) (Historical and Statutory Notes to California Civil Code §2923.5, Section 1(d)) This intent, together with the strict contact requirements of §2923.5, reveals a due diligence mandate, imposed on mortgagees and beneficiaries, to actively contact the borrower for the purpose of exploring alternatives to foreclosure, including a modification of the mortgage loan terms.

The suspect statement fails to demonstrate the requisite due diligence that is clearly detailed in <u>Civil Code</u>   §2923.5(g)(1)(2)(A)(B)(C)  (5)(A)(B)(C)(D).   The statement does not specify whether Defendants satisfied the due diligence requirements to: 1- send a first-class letter including the toll free telephone number for HUD; then following the mailing of the letter, 2- attempt to contact Plaintiff at least three times at different hours and on different days, 3- use an automated system to dial Plaintiff, and 4-post a prominent link on the homepage of Defendants' Internet Web site.

Furthermore, in Plaintiff's declarations made under the penalty of perjury, Plaintiff asserts that between January 2009 (when Plaintiffs were forced to stop making

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

mortgage payments) and July 2009 (when the Notice of Default was recorded), Plaintiff

never received any phone calls (either by a live person or automated), or personal letters

from the bank or any representative of the bank to assess their financial situation and

provide them with an option to save their home.

**b.    Declaration Attached to a Notice of Default Should Be Made Under The Penalty of Perjury and Should Contain Specific Factual Details Regarding The Efforts To Contact The Borrower**

California <u>Code of Civil Procedure</u> §2015.5 states in pertinent part:
"**Whenever, under any law of this state** or under any rule, regulation, order or requirement made pursuant to the law of this state, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn statement, **declaration**, verification, certificate, oath, or affidavit, in writing of the person making the same, such may with like force and effect to be supported, evidenced, established or proved by the unsworn statement, **declaration**, verification, or certificate, in writing of such person which recites that it is certified or declared by him or her to be true under penalty of perjury, is subscribed by him or her, and (1), if executed within this state, states the date and place of execution, or (2), if executed at any place, within or without this state, states the date of execution and that it is so certified or declared under the laws of the State of California." (Emphasis added.)

California <u>Civil Code</u> §2923.5 is clearly a law of this state.    <u>Civil Code</u>

§2923.5(b) states in pertinent part "A notice of default filed pursuant to Section 2924

shall include a **declaration** from the mortgagee…" (Emphasis added)  The statement at

issue that Defendants try to qualify as a declaration is not made under the penalty of

perjury of the State of California.  It is simply a blanket statement used by Defendants in

an attempt to "satisfy" the requirements of <u>Civil Code</u> §2923.5 and expedite the

foreclosure process.  If the "at issue" statement is accepted as a declaration, not only

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

will that create great injustice to Plaintiff and the millions in Plaintiff's shoes, but that will open the door to a different, less stringent requirement for a declaration that will be counterintuitive at best, which does not qualify to being in compliance with the law.

In the present case, Defendants have clearly failed to abide by requirements of both California <u>Civil Code</u> §2923.5 and California <u>Code of Civil Procedure</u> §2015.5.

Defendants' single conclusory statement in the "declaration" attached to the notice of default undermines and belies the spirit of Section 2923.5 and flies in the face of the extensive detail for contact set forth by the Legislature. It is utterly unclear as to who did what. Was it the mortgagee, beneficiary or some authorized agent? Which authorized agent? It is also unclear which if any of the acts Defendants' "agent" conducted. Did they attempt to contact the borrower by telephone? Did they send any correspondence? What was the result of the "due diligence?"

Moreover, while Defendants' declaration purports to comply with California Civil Code section 2923.5, Defendants' declaration provides no indication that the declarant has any knowledge of what California Civil Code section 2923.5 requires. Making what looks to be a standard blanket statement that is printed on all Notices of Default in an attempt to abide by <u>Civil Code</u> §2923.5 does not constitute a declaration pursuant to California <u>Code of Civil Procedure</u> §2015.5 nor does it satisfy the declaration requirement in <u>Civil Code</u> §2923.5(b).

The suspect statement also fails to demonstrate the requisite due diligence that is clearly detailed in <u>Civil Code</u> §2923.5(g)(1)(2)(A)(B)(C) (5)(A)(B)(C)(D). The

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

statement does not specify whether Defendants satisfied the due diligence requirements to: 1- send a first-class letter including the toll free telephone number for HUD; then following the mailing of the letter, 2- attempt to contact Plaintiff at least three times at different hours and on different days, 3- use an automated system to dial Plaintiff, and 4-post a prominent link on the homepage of Defendants' Internet Web site.

The declaration should be made under the penalty of perjury because the lenders are taking away the homes of the borrowers and leaving them destitute. More importantly, a **declaration** is required to be made under penalty of perjury pursuant to C.C.P. §2015.5. Accordingly, declarations under Civil Code §2923.5 are subject to said requirement.

**c.    Plaintiffs are Entitled to Declaratory Relief as a Cause of Action**

Defendants are attempting to foreclose on Plaintiffs' residence. California has enacted laws for this process without judicial supervision (Civil Code, §2920, et seq.). There are steps to take in this process. The lender must comply with Civil Code, §2923.5 before recording and serving the Notice of Default (NOD), which is followed by the Notice of Trustee Sale (NTS), then the sale itself.

Since Defendants are attempting nonjudicial foreclosure, a declaratory relief action is the only proper vehicle for Plaintiff to assure her rights and for Defendants to confirm their obligations before an irreparable injury (foreclosure) occurs. As alleged and has been shown, Defendants have not complied with their obligations under the law; therefore, they cannot foreclose on Plaintiff's property. Declaratory relief of these

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

issues is proper.

In addition, Defendant claims that Plaintiffs have failed to properly assert a claim for declaratory relief by arguing that it is a remedy and there is no underlying cause of action. This is not true. It is both.

The substantive basis for liability in this matter is the failure to comply with the law before foreclosing on Plaintiffs' home. Defendants believe they complied, Plaintiffs do not; therefore, a judicial declaration is required to determine the rights and duties of the parties before the foreclosure may proceed.

**d.    Plaintiffs Are Entitled to Relief Under Section 1632**

Civil Code, §1632(e) requires translated copies of disclosures required by Regulation M (RESPA) and Regulation Z (TILA). Although real estate transactions do not require all of their documents to be translated (Civil Code, §1632(b)), subdivision (e) does require the RESPA and TILA disclosures of those transactions to be translated. This loan was negotiated in Korean. The RESPA and TILA disclosures were not translated and provided in the Korean language. Therefore, Plaintiff still has a right to rescind the loan contract and is entitled to relief under Section 1632.

**e.    Plaintiffs Are Entitled to an Accounting**

Defendants also claim that the Cause of Action for Accounting is improper. They again miss the mark. They properly assert the two elements for the cause of action: (1) fiduciary relationship, and (2) need for an accounting, and (3) misconduct.

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

A fiduciary relationship does exist, and an accounting is necessary.  The misconduct arises from the violation of C.C.P. §2923.5.

While it is true that the *general rule* is that a fiduciary relationship does not exist between a lender and borrower, this case is an exception.  Civil Code, §1632(e) requires translated copies of disclosures required by Regulation M (RESPA) and Regulation Z (TILA).  Although real estate transactions do not require all of their documents to be translated (Civil Code, §1632(b)), subdivision (e) does require the RESPA and TILA disclosures of those transactions to be translated.  This loan was negotiated in Korean. The RESPA and TILA disclosures were not translated and provided in the Korean language.  Therefore, Plaintiff still has a right to rescind the loan contract.  As the right to rescind still exists, any and all payments made on the loan are held in trust (should plaintiff exercise her right of rescission, defendants will be required to pay back all monies paid by Plaintiff).  Therefore, a trust relationship exists.  Furthermore, the amounts paid over time are not exact or readily ascertainable; therefore, an accounting is required to ascertain the amounts that would be due Plaintiff should she exercise her right to rescission.

There have been many payments by Plaintiffs of various amounts in the servicing of this loan.  It is unknown by Plaintiffs how much has actually been paid over the life of this loan; therefore, an accounting is required so Plaintiffs would know how much Defendants owe them upon rescission of this loan.

The misconduct of the lender has been duly elaborated above, due to their

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

---

18

apparent violation of C.C.P. §2923.5.

## VII.
## CONCLUSION

For the foregoing reasons, laws, facts and circumstances, Plaintiffs respectfully request that the Court overrule Defendant's Motion to Dismiss.  However, should the court find that Defendant's Motion to Dismiss be sustained for any reason or on any ground, it is requested that the Plaintiffs be given leave to amend.  In the alternative, as this court is not the proper forum in which the instant case should be litigated, Plaintiff respectfully requests that the case be remanded back to state court.


Dated: January 6, 2010              LAW OFFICES OF GENE W. CHOE, P.C


                              By:    /S/   Ilhwan Park
                                 Ilhwan Park, Esq.
                                 Attorneys for Plaintiffs,
                                 MEI LEE AND TEENA KANG

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CASE NO. CV09-9197 GW (AJWx)

1

## <u>TABLE OF CONTENTS</u>

2

**PAGE**

3

4    **I.    INTRODUCTION**............................................................... **1**

5    **II.    RELEVANT FACTS**........................................................... **2**

6

7    **III.    FEDERAL COURT DOES NOT HAVE JURISDICTION**................. **3**

8        **A.** Diversity Jurisdiction is Not Met.......................................... **3**

9        **B.** Subject Matter Jurisdiction is Lacking................................... **4**

10        **C.** Defendants Cannot Avail Themselves of Federal Jurisdiction.......... **5**

11

12    **IV.    ARGUMENT**................................................................. **5**

13        **A.    Plaintiffs Have Met the Tender Requirements**...................... **5**

14        **B.    ReconTrust Company, N.A. Is Properly Named In this Action....** **6**

15        **C.    Section 2923.5 Applies if Plaintiff Resides In the Property**........ **7**

16        **D.    Plaintiff's Causes of Action Are Meritorious**..................... **8**

17            **a.    Defendants Violated Section §2923.5**....................... **8**

18            **b.    Declaration Attached to a Notice of Default Should**

19                **Be Made Under The Penalty of Perjury and Should**

20                **Contain Specific Factual Details Regarding The**

21                **Efforts To Contact The Borrower**........................... **13**

22            **c.    Plaintiffs are Entitled to Declaratory Relief as a**

23                **Cause of Action**.............................................. **16**

24            **d.    Plaintiffs Are Entitled to Relief Under Section 1632**....... **16**

25            **e.    Plaintiffs Are Entitled to an Accounting**................... **17**

26

27    **VII.    CONCLUSION**.............................................................. **18**

28

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

20

# <u>TABLE OF AUTHORITIES</u>

**PAGE**

**Cases**

*Arnolds Management Corp. v. Eischen*
  158 Cal.App.3d 575, 578-79 (1984)……………………………………………6

*Kline v. Burke Const. Co.*
  260 U.S. 226, 229, 43 S.Ct. 79, 81 (1922)…..........................................5

*Pennoyer v. Neff*
  95 U.S. 714, 722, 5 Otto 714, 24 L.Ed. 565 (1877)………………………4

*State Engineer of State of Nevada v. South Fork Band of Te-Moak Tribe*
  339 F.3d 804, 809-810 (2003)…………………………………………...5

*Wisconsin Dept. of Corrections v. Schacht*
  524 U.S. 381, 389 (1998)……………………………………………… 4

**Statutes**

*Civil Code* §2923.5……………………………………………....2, 6, 7, 8, 11

*Civil Code* §2015…………………………………...………………2, 12, 13, 14, 15

*Civil Code* §1632……………………………………………....2, 7, 16, 17

CHOE, JACKSON & WEITZ
LAW OFFICES OF GENE W. CHOE, APC
3699 WILSHIRE BOULEVARD SUITE 720
LOS ANGELES, CALIFORNIA 90010

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
CASE NO. CV09-9197 GW (AJWx)